Chester HILL, Appellant,

v.

BUDGET FINANCE & THRIFT COMPANY et al., Appellees.

No. 16411.

Court of Civil Appeals of Texas.

Dallas.

Oct. 9, 1964.

Edward C. Fritz, Fritz & Vinson, Dallas, for appellant.

Sessions, Sessions, Ackels & Looney, Dallas, for appellees.

WILLIAMS, Justice.

Alleging that he had been charged usurious rates of interest and had suffered damages by reason of having been harassed by unreasonable collection efforts, Chester Hill sued four groups of finance companies and their individual owners, such defendants being: (1) Safeway Finance Company and S. M. Connell; (2) Budget Finance & Thrift Company, et al, and Jack Killian, et al; (3) Reserve Loan Service and Paul Luther, et al; and (4) Community Finance & Thrift Corporation, et al. Plaintiff sought double usurious interest damages separately from each group of defendants, actual damages resulting from harassment by all four groups of defendants, and exemplary damages resulting from malice separately from each group of defendants. Prior to trial Hill settled with defendants Jack Killian and Tommy Jones (being a part of the second group of defendants named above) for $1,000, of which $600 was designated in the release as settlement of the usury and exemplary damages, and $400 was for actual damages. Plaintiff also settled with Community Finance & Thrift Corporation, et al (the fourth group of defendants named above) for $1,000, of which $900 was allocated in the release as usury and exemplary damages, and $100 for actual damages. Plaintiff then settled with the third group of defendants (Reserve Loan Service, et al), the written release re-

citing $1,205.55 being apportioned for usury and exemplary damages and $382.05 apportioned for actual damages.

Following these settlements trial was had before a court and a jury. Budget Finance & Thrift Company, and other non-settling defendants in Group 2 above, made default. The Safeway Finance-Connell group of defendants appeared and contested the issues. The jury found double usurious interest damages in the sum of $640 against Safeway Finance-Connell and $1,229.20 against Budget Finance & Thrift Company, et al, and judgment against these defendants for these amounts of damages is not contested on appeal. The jury found no malice and therefore the issue of exemplary damages passed out of the case. The jury awarded the sum of $2,000 to the plaintiff as actual damages "proximately caused by unreasonable collection efforts of all the defendants originally sued in this case." After the jury was discharged, the court, by agreement, proceeded to determine the issue relating to the proper credit to be allowed the non-settling defendants against the $2,000 verdict for actual damages caused jointly by all the original defendants. After hearing testimony the court allowed credits of $400 (actual damage apportionment in the Killian settlement), $100 (being actual damage apportionment in the Community settlement), and $810 (being found by the court to be the total settlement with Reserve Loan Service, et al), totaling $1,310 against the $2,000 judgment for actual damages, leaving a balance of $690 actual damages which the court awarded jointly and severally against the non-settling defendants. Plaintiff, only, appeals from this judgment.

Appellant makes no complaint here concerning the judgment of the trial court in his favor except that part of the judgment wherein the trial judge deducted the sum of $810, involved in the Reserve Loan settlement, from the actual damage verdict of $2,000. Appellant contends, in his first three points of error, that appellees Safeway-Connell were not entitled to be credited with the entire sum of $810 inasmuch as this amount represented settlement with Reserve Loan not only for actual damages, but also for usury and exemplary damages, which damages are not joint, but several, and for which the non-settling defendants were not entitled to credit. Appellant contends that the proper credit which the court should have granted was the sum of $382.05, being the amount allocated in the Reserve Loan settlement release which was introduced in evidence. Thus appellant contends that the proper judgment for actual damages should have been $1,117.95 rather than the amount of $690 awarded by the court.

■ The rule establishing the right of credit by a joint tort-feasor is aptly stated in 104 A.L.R. 932, as follows:

"* * * joint tort-feasors, when sued for damages by reason of some alleged injury or wrong, have generally been held entitled to show, for the purpose of mitigating or reducing damages, that the same injury or wrong was partially compensated by a payment made by another joint tort-feasor, by presenting evidence of such a payment, and such evidence has been held proper to be considered in fixing the amount of the damages; * * *."

■ It is, of course, definitely established that such credit to be claimed by a joint tort-feasor is confined to those damages for which all tort-feasors are equally liable. Where a plaintiff sues several defendants, alleging different kinds and types of damages, some being common to all defendants and others not, the plaintiff must only give credit to a non-settling defendant for that part of the damages which he receives from settling defendants that are applicable to all equally. This situation is frequently found in the type of case with which we are now confronted wherein the plaintiff sues one or more defendants for usurious interest, exemplary damages, and actual damages. It is only as to actual damages, common to all defendants, that the question of proper credit is presented. The

matter was settled by our Supreme Court in Riley v. Industrial Finance Service Co., 157 Tex. 306, 302 S.W.2d 652 where the court said:

"There being but one injury for which plaintiffs can receive but one satisfaction, defendants are entitled to have credited on the judgment against them all sums paid by others also liable to plaintiffs for the damages resulting from the common acts of all tort-feasors."

\* \* \* \* \* \*

"The liability of these defendants for the usury charged by them was their own liability for which none of the other tort-feasors can be held liable. The cause of action for usury is severable from the cause of action for other damages and the judgment of the trial court should be affirmed."

In Western Guaranty Loan Company et al. v. Robert B. Dean, Tex.Civ.App., 309 S.W.2d 857, err. ref. n. r. e., we said:

"Furthermore, whatever sums other defendants may have paid in settlement of Dean's claims for usury and double usury penalties and for exemplary damages are not to be credited against whatever judgment Dean may recover for the entire indivisible actual damages suffered by reason of the combined excessive collection efforts of defendants. For each defendant loan company is answerable alone and separately for usurious interest received and for the penalty of double usurious interest and for such exemplary damages, if any, as may be found by the jury."

Applying these settled rules, appellees were entitled to be credited only with that portion of the Reserve Loan settlement which had to do with actual damages. The burden of proof was undoubtedly upon appellees Safeway-Connell to establish the proper amount of credit to be applied to the actual damage verdict, thus reducing their liability. Appellees Safeway-Connell affirmatively pleaded that should judgment be rendered against them they should have credit for amounts paid by the joint tort-feasors in settlement of their claims. Having pleaded for the relief, and the burden being upon them, we now consider the evidence to determine whether Safeway-Connell satisfied the burden of proof and whether the trial judge was justified in crediting the entire amount of the Reserve settlement to the actual damage verdict.

Attorney Edward C. Fritz, representing appellant, was called as a witness at the hearing on the issue of credit, being called by Attorney W. R. Sessions, representing appellees Safeway-Connell. Concerning the Reserve Loan settlement Mr. Fritz testified that in making this agreement he dealt with Attorney Sessions (also representing Reserve Loan Service, et al), and that such settlement was one of a number of settlements with the same company for various claims for usury, exemplary damages, and actual damages asserted by Chester Hill. After much negotiation the attorneys agreed to settle all of the cases on the basis of $810 each. Fritz testified that Sessions agreed with him that the money could be allocated between actual damages and exemplary damages in any manner acceptable to Fritz. Fritz related that Mr. Sessions requested releases be prepared in all the cases and presented to him and that such releases should be full and complete and providing for a dismissal of all pending litigation. Fritz testified that he prepared a release in the instant case (being Defendants' Exhibit No. 3 and releasing Reserve Loan, et al) and that such release recited, *inter alia*, that the sum of $382.05 was for actual damages. This release was sent to Attorney Sessions and retained by him without protest being voiced as to the contents thereof.

Attorney Sessions testified that he had agreed to settle a large number of cases involving Chester Hill and the Reserve Loan group, for $810 each. Sessions testified that it was his intention that the

$810 paid to Hill was in settlement of all the claims that Hill was asserting against his clients in the lawsuit.

Exhibit 3, being the written settlement between Hill and the Reserve Loan group, and reciting the allocation of $382.05, was introduced in evidence by Attorney Sessions, though he denied any agreement with Fritz relating to allocation of damages.

The court, in its findings of fact and conclusions of law, found that the Reserve Loan settlement for $810 was without apportionment between actual, usury and exemplary damages and that defendants remaining at the time of judgment were entitled to credit for the entire $810 of this particular settlement as against the $2,000 actual damage finding on the part of the jury.

■■■ We have carefully examined all of the testimony offered before the court and have concluded that appellees Safeway-Connell failed in their burden of proof to establish the proper credit for such damages. We think that it was definitely encumbent upon Safeway-Connell to establish what part of the $810 settlement with Reserve Loan was intended to release the actual damage phase of the claim made by Hill. Safeway-Connell did nothing more than prove that it paid $810 for the entire case, it being undisputed that such case included the three elements of damages, usury, actual and exemplary. The evidence offered, especially including Exhibit 3 (the release reciting the apportionment), is prima facie conclusive of the proper apportionment of actual damages. While it is true that Safeway-Connell were not bound by the terms of the settlement agreement and release entered into between Hill and Reserve Loan group of defendants, yet it is without dispute that the burden was upon them to prove the proper amount of damages sought to be credited to them and their own attorney introduced in evidence the release which is now disclaimed.

When considered in the light of this full record we are of the opinion that the trial court should have allowed only a credit of $382.05 of the Reserve Loan settlement as applied to the $2,000 actual damage verdict. The judgment, when reformed by the allowance of this credit, would result in a judgment for $1,117.95 actual damages to plaintiff. Appellant's Point 1 is sustained. Appellant's Points 2 and 3 become immaterial.

■■■ In his Point 4 appellant complains of certain alleged prejudicial comments by the trial judge. The statements of the trial judge during the trial, complained of by appellant, are typified by such statements as: "Let's move along"; "Let's move along with this witness"; "All right, let's get along, counsel"; "You are just wasting the Court's time." We have carefully considered all of these statements in their proper context scattered throughout the statement of facts and have concluded that no reversible error is shown. The trial was hotly contested and many witnesses were presented. We find that the trial judge was exceedingly patient and courteous to the attorneys and witnesses throughout the entire trial. A trial judge is allowed considerable discretion in controlling the orderly progress of a trial and we find nothing in the statements of the trial judge in this case which would in any manner result in embarrassment or prejudice to appellant. Texas Mexican R. Co. v. Bunn, Tex.Civ. App., 264 S.W.2d 518; Trinity Universal Ins. Co. v. Jolly, Tex.Civ.App., 307 S.W.2d 843.

■■■ By his Point 5 appellant complains of the action of the trial judge in overruling his motion made *in limine* requesting the court to instruct defendant not to make inquiry concerning plaintiff's contingent fee contract. The question of attorney's fees was material on the issue of exemplary damages asserted by appellant. The jury found no malice, and therefore no exemplary damages, and the question of attorney's fees became moot. Moreover, at the time the attorney's fee contract was offered in evidence before the jury the attorney for appellant acquiesced in its introduction.

Any error on the part of the trial court in overruling the motion made *in limine* was therefore waived.

By his sixth point of error appellant complains of the action of the trial court in overruling special exceptions as well as exceptions to the charge relating to appellees' defense of contributory negligence. The propriety of these rulings becomes immaterial in the light of the answer of the jury to the issue on contributory negligence which was favorable to appellant. Any error on the part of the court becomes harmless. Rule 434, Texas Rules of Civil Procedure.

The judgment of the trial court is modified, as above provided, and as modified, is affirmed. Costs of appeal are taxed equally between appellant and appellees.

Modified and affirmed.