**OWENS–CORNING FIBERGLAS CORPORATION, Appellant,**

v.

**Rita Mae SCHMIDT, et ux, Appellee.**

**No. 09–94–345 CV.**

Court of Appeals of Texas,
Beaumont.

Dec. 12, 1996.

Rehearing Overruled Jan. 10, 1997.

As Corrected Jan. 15, 1997.

Layne Walker, Beaumont, for Guardian Ad Litem.

Jerry Kacal, Dunn, Kacal, Adams, Livingston, Houston, James D. Stanton, DeHay & Elliston, L.L.P., Dallas, Charles R. Dunn, Dunn, Kacal, Adams, Pappas & Law, Houston, Paul J. Holmes, Beaumont, T. John Ward, Brown, McCarroll & Oaks Hartline, Edward M. Carstarphen, Woodard, Hall & Primm, P.C., Kevin F. Risley, Gilpin, Paxson & Bersch, Houston, David W. Starnes, Bush, Lewis & Roebuck, R. Lyn Stevens, Stevens & Baldo, Beaumont, Thomas Walston, Keith & Weber, Johnson City, for Appellant.

Herschel L. Hobson, Joseph C. Blanks, Beaumont, for Appellee.

Before BURGESS, STOVER and FARRIS,* JJ.

## OPINION

FARRIS, Justice (Assigned).

The appellee, Rita Mae Schmidt [1] sued fifteen defendants alleging she had suffered mesothelioma caused by exposure to asbestos manufactured by the defendants. Nine defendants settled and the liability of the remaining six was submitted to the jury. The jury absolved four defendants of any fault and assessed fifty percent of responsibility to each of the remaining two defendants. Three of the four defendants who were not found at fault had settled after submission but before the jury returned its verdict. One of the two remaining defendants, Owens–Illinois, Inc., settled after verdict; and only the appellant, Owens–Corning Fiberglas Corporation, (OCF) remains.

OCF has conceded its first two points of error. In its remaining points, OCF complains (3) it was entitled to a credit against the verdict for money Schmidt received in settlement of a medical malpractice claim, (4) & (5) it was either entitled to a pro rata credit for all defendants who settled or for all defendants who settled after submission, and (6) the trial court erred in calculating prejudgment interest. Schmidt raises two cross points complaining the trial court erred in taxing part of the attorney ad litem fees against the minor Schmidt children and there was no evidence to support the credit given OCF for settlement payments from other defendants. We sustain Schmidt's first cross point because the record does not show good cause for taxing costs against successful parties. We sustain OCF''s sixth point of error because the trial court calculated prejudgment interest before allowing settlement credits. We overrule the remaining points and cross point and remand the case to the trial court.

* The Honorable David Farris, sitting by assignment pursuant to TEX. GOV'T CODE ANN. § 74.003(b) (Vernon 1988).

1. Rita Mae Schmidt is deceased. She was joined, as plaintiff, by her husband and three

## Malpractice Settlement

In its third point of error, OCF contends the trial court erred by not crediting the judgment with $250,000.00 Schmidt received in settlement of a separate suit alleging medical malpractice. OCF argues Schmidt's malpractice claim was based upon her doctor's failure to diagnose her inoperable, terminal mesothelioma which involved the same injury and damages alleged by Schmidt in her suit against OCF. Accordingly, OCF argues, it was entitled to credit for the malpractice recovery under the "one satisfaction rule" of *Bradshaw v. Baylor University*, 126 Tex. 99, 84 S.W.2d 703 (1935), *overruled by Duncan v. Cessna Aircraft Co.*, 665 S.W.2d 414, 423 (Tex.1984).

Schmidt asserts OCF was not entitled to any credit because it did not prove both suits sought recovery for the same injury. According to Schmidt, the medical malpractice suit sought damages for an untimely diagnosis of her terminal illness denying her the most meaningful enjoyment of the remaining part of her life while the suit against OCF sought damages for exposing her to asbestos which caused her illness.

A party seeking benefit of a settlement credit is burdened with proving it is entitled to an offset. *See First Title Co. of Waco v. Garrett*, 860 S.W.2d 74, 78–9 (Tex. 1993); *Hill v. Budget Fin. & Thrift Co.*, 383 S.W.2d 79, 82 (Tex.Civ.App.—Dallas 1964, no writ). A non-settling defendant is only entitled to credit for money recovered from a settling defendant which compensates the plaintiff for damages which are equally applicable to both defendants. *Id* at 81. After reviewing the record, we conclude OCF did not prove the medical malpractice recovery compensated Schmidt for the same damages she recovered from OCF.

In the malpractice case, Schmidt sued several medical service providers alleging various acts of negligence with various consequences, all related to her suffering "inopera-

children in this suit and by her husband in the medical malpractice suit discussed in point of error three. We shall refer to all plaintiffs, collectively, as Schmidt.

ble terminal cancer." While some of Schmidt's malpractice allegations appear to involve the same issues as this case, others do not necessarily involve the same issues. Other allegations appear consistent with Schmidt's argument that her malpractice case sought damages which were distinct from those she sought to recover from OCF and its codefendants. These allegations include failing to inform Schmidt of the findings of the pathology report and loss of enjoyment of life. The Release Of All Claims released the malpractice suit defendants from every imaginable claim including any arising from contract, tort or statutory action. We are unable to find, within the record, testimony or other evidence of the issues in the malpractice suit. Accordingly, OCF did not prove this case and the malpractice case involved an "indivisible injury" entitling OCF to offset. *Garrett*, 860 S.W.2d at 79. Point three is overruled.

### Credit for Payment by Other Defendants

In points four and five, OCF argues it should receive a pro rata credit rather than a dollar for dollar credit for money paid in settlement by other defendants; before the case was submitted nine defendants settled for $775,750; three of the four defendants who were later absolved of any responsibility settled while the jury deliberated and paid $450,000; and after the jury returned its verdict Owens–Illinois paid $800,000. The trial court entered judgment against OCF, alone, and awarded Schmidt the damages found by the jury, $3,870,000 [2], with interest, less the $2,025,750, paid by other defendants.[3]

In its fourth point OCF contends it was entitled to a pro rata credit for all thirteen settling defendants rather than the dollar for dollar credit ordered by the trial court. Before the case was submitted, OCF and the five other remaining defendants elected, in writing, to receive a dollar for dollar credit rather than a pro rata credit. Their election stated it was made, "pursuant to § 33.014(a) of the Texas Civil Practices and Remedies Code." OCF did not repudiate this election until after the jury had returned its verdict and Schmidt had settled with Owens–Illinois, Inc., when OCF first argued, as it does here, that the submission of fraud and misrepresentation theories took this case out of the purview of Chapter 33 and into that of Chapter 32. Ultimately, its argument leads OCF to conclude it is entitled to a pro rata credit for each of thirteen settling defendants, or thirteen-fourteenths of the total judgment. We reject OCF's argument that Chapter 32 controls and its conclusion that it is entitled to a credit of thirteen-fourteenths because having timely elected to accept a dollar for dollar credit, OCF will not now be permitted to second guess that election. Further, the liability of nine defendants was not submitted, and OCF cannot obtain a pro rata reduction without jury findings fixing their liability. *Stewart Title Guaranty Co. v. Sterling*, 822 S.W.2d 1, 9, n. 10 (Tex.1991). Point of error four is overruled.

Alternatively, in its fifth point of error OCF asserts, even if Chapter 33 applies, it is entitled to a pro rata credit for the four defendants who settled after submission. In support of this assertion OCF argues since the four defendants are not settling persons as defined in TEX. CIV. PRAC. & REM.CODE § 33.011(5), its right of contribution from them is outside of chapter 33 and it is entitled to elect a *Palestine Contractors* pro rata contribution. *Palestine Contractors, Inc. v. Perkins*, 386 S.W.2d 764, 767 (Tex.1964). Consequently, after crediting the damages award with $775,750 paid before submission, the judgment against OCF would further be reduced to one-fifth of the remainder or $618,850. Thus, OCF would receive pro rata credit for three defendants who were not liable for Schmidt's injuries as well as Ow-

**2.** The jury awarded damages totaling $4,100,000; however, the court sustained OCF's evidentiary challenge and reduced the award of future medical expense from $300,000 to $70,000.

**3.** The judgment made a separate award to each of the five plaintiffs, Rita Mae Schmidt, her husband and three children. Each award included a portion of the total judgment, with interest, less a portion of the credit. The total awards gave the Schmidts damages of $3,870,000 with prejudgment interest of $585,079, less credit for all settlements of $2,025,752. The total credits were two dollars more than the total settlements.

ens–Illinois who, along with OCF, was found jointly and severally liable.

■ OCF's reliance on *Palestine Contractors* is misplaced. First, the pro rata election of *Palestine Contractors* applies to joint tortfeasors, *Id.* at 765–66. Second, with regard to OCF's right of contribution from Owens–Illinois, Chapter 33 expressly provides for the right of contribution among defendants found to be jointly and severally liable. TEX. CIV. PRAC. & REM.CODE § 33.013 (Vernon 1986 & Supp.1996).

The trial court correctly gave OCF a dollar for dollar credit for the money paid by the three defendants found not liable because of the one satisfaction rule. That rule requires any settlements be credited against the amount for which the liable parties as a whole are found responsible. *First Title Co. of Waco v. Garrett,* 860 S.W.2d 74, 78 (Tex. 1993). Thus the trial court correctly deducted $450,000 from the jury's award of damages.

■ The trial court did not err in denying OCF a *Palestine Contractors* pro rata credit for the $800,000 paid by Owens–Illinois because both OCF and Owens–Illinois were jointly and severally liable for Schmidt's damages in accordance with TEX. CIV. PRAC. & REM.CODE § 33.013(b), and OCF's right of contribution fell within the purview of Chapter 33. TEX. CIV. PRAC. & REM.CODE § 33.015 (Vernon 1986 & Supp.1996). Accordingly, after crediting all settlements Schmidt received from the other twelve defendants, both OCF and Owens–Illinois were jointly and severally liable for the balance. While OCF had a right to contribution from Owens–Illinois for any payment greater than its percentage of responsibility, and could have complained of the judgment's failure to protect that right, that issue is not before us. Point five is overruled.

## CALCULATING PREJUDGMENT INTEREST

■ In its sixth point of error, OCF complains the trial court erred in calculating prejudgment interest before crediting settlements. We find that issue to be settled and the point well taken. *See C & H Nation-*

wide, Inc. v. Thompson, 810 S.W.2d 259, 275 (Tex.App.—Houston [1st Dist.] 1991), *aff'd in part and rev'd in part on other grounds,* 903 S.W.2d 315 (Tex.1994). Point of error six is sustained.

## ATTORNEY AD LITEM FEES

■ Schmidt's first cross point challenges taxing a part of the fees paid an attorney ad litem to the minor plaintiffs. The trial court awarded the attorney ad litem a fee of $180,-000, taxing $65,000 of the fee against the two minor Schmidt children. Schmidt argues taxing costs against the minor plaintiffs was error because the record does not show good cause for disregarding the general requirement of TEX.R. CIV. P. 131 that successful parties recover their costs. *See* TEX.R. CIV. P. 141; *Rogers v. Walmart Stores, Inc.,* 686 S.W.2d 599, 601 (Tex.1985); *Dover Elevator Co. v. Servellon,* 876 S.W.2d 166, 171 (Tex. App.—Dallas 1993, no writ). In response, OCF argues the trial court did not abuse its discretion in apportioning the fees because the attorney ad litem was in fact a guardian ad litem, TEX.R. CIV. P. 173, who did more than act as a guardian ad litem by actively participating in the trial of the case. OCF cites no authority which supports its argument.

We agree with Schmidt that the trial court abused its discretion because the record does not show good cause for taxing costs against successful parties. *Rogers,* 686 S.W.2d at 601; *Dover,* 876 S.W.2d at 169. We reject OCF's unsupported, opposing argument that the ad litem's participation in the conduct of presenting the plaintiffs' case was good cause. Cross point one is sustained.

## EVIDENCE OF SETTLEMENT CREDITS

In cross point two, Schmidt contends the trial court erred in giving OCF any credit against the verdict because OCF did not meet its burden of proof regarding settlement credits. It is the burden of one seeking benefit of a settlement credit to establish it is entitled to a reduction in the amount of the judgment. *First Title Co. of Waco,* 860 S.W.2d at 78–9. While it is true the record does not contain evidence of the settlements,

we overrule cross point two because Schmidt did not challenge the facts stated in OCF's brief, related to its claim for settlement credits. TEX.R.APP. P. 74(f).

■ Only in the judgment does the record reveal what Schmidt received in settlement from any of the other defendants. The judgment credits settlements against the verdict listing the settling defendants along with the amount each paid in settling with Schmidt. The same settling defendants and amounts are stated in OCF's brief. Schmidt has never denied the other defendants settled for the amounts stated in the judgment and OCF's brief. Our disposition of points of error four and five, while not identifying all fourteen settling defendants, recites many of those undisputed facts. Thus, even though there is no proof supporting OCF's settlement credit claim, we accept as true the unchallenged fact statements contained in its brief. *Whatley v. Whatley,* 493 S.W.2d 299, 301 (Tex.Civ.App.—Dallas 1973, no writ); *City of Dallas v. Holcomb,* 381 S.W.2d 347, 351 (Tex.Civ.App.—Dallas), *writ ref'd n.r.e. per curiam,* 383 S.W.2d 585 (Tex.1964).

Although it is within our discretion whether or not to accept an uncontested statement of fact as true, *Clyde v. Hamilton,* 414 S.W.2d 434, 441 (Tex.1967), there are two significant reasons why it is appropriate to do so in this case. The first reason is apparent from comparing this case with *First Title Co. of Waco.* In *First Title Co. of Waco,* the defendants sought credit for money the plaintiff had received in settlement of a separate lawsuit. *First Title Co. of Waco,* 860 S.W.2d at 76. The defendants established the settlement facts by placing the settlement agreement and the order of dismissal from the first lawsuit in the record of the second lawsuit. *Id.* at 79. In comparison, the settlements in this case were between plaintiffs and defendants in this lawsuit. Accordingly, given Schmidt's silence, we can be confident the trial court had the necessary facts before it.

There is a second reason we appropriately accept OCF's unchallenged fact statements as correct; if those statements were untrue

it would have been a simple matter for Schmidt to challenge them. We will not credulously assume Schmidt would have not protested the trial court's crediting two million dollars against the verdict if the underlying settlements had not occurred.

We remand the case to the trial court to assess prejudgment interest and taxed costs consistent with our disposition of OCF's sixth point of error and Schmidt's first cross point. We affirm the remainder of the judgment.

AFFIRMED IN PART; REVERSED AND REMANDED IN PART.

STOVER, Justice, concurring.

I join in the opinion and judgment of this court but address the dissent. Unlike *Mobil Oil Corp. v. Ellender,* 934 S.W.2d 439 (Tex. App.—Beaumont 1996, n.w.h.), wherein the trial court did not grant a settlement credit, here the trial court granted a settlement credit.

Further, here the trial court had before it a motion for settlement credit specifying in detail the amounts involved. Said motion was filed with the court and brought to the court's attention without objection.

BURGESS, Justice, dissenting.

I respectfully dissent to the majority's disposition of cross-point two. Schmidt's cross-point avers: "The trial court erred by giving OCF a credit to which it had not shown itself entitled." In argument, Schmidt states: "OCF points to no evidence establishing its entitlement to the credit...." The majority acknowledges the record does not contain evidence of the settlements, but overrules the point "because Schmidt did not challenge the facts stated in OCF's brief ..." citing TEX. R.APP. P. 74(f). It is true, Schmidt did not use any magic words or explicitly state: "Appellee challenges all the facts alleged in Appellant's brief." However, in my view, there can be no stronger challenge than alleging there is "no evidence." Consequently, the majority simply avoids the issue by utilizing this alleged procedural "defect." [1]

---

1. OCF did not raise this in their reply brief.

This court recently visited the substantive issue in *Mobil Oil Corp. v. Ellender,* 934 S.W.2d 439 (Tex.App.—Beaumont 1996, n.w.h.)(one justice dissenting). The opinion stated:

> Expressed another way, what procedure was required to supply the court 'the sum of the dollar amounts of all settlements.' [2]

Our highest court has never expressly enunciated what is required for providing the court the *amount* to be credited. However, in *First Title Co. of Waco v. Garrett,* 860 S.W.2d 74, 78–79 (Tex.1993) they stated: 'Any party seeking the benefit of a settlement credit has the burden of establishing that it is entitled to such a reduction in the amount of the judgment.' (citing *Hill v. Budget Fin. & Thrift Co.,* 383 S.W.2d 79, 82 (Tex.Civ.App.—Dallas 1964, no writ)). The court noted the settlement agreement had been 'placed into the record.' *Id.* at 79.

*Hill,* 383 S.W.2d at 82–83, stated:

> The burden of proof was undoubtedly upon appellees Safeway–Connell to establish the proper amount of credit to be applied to the actual damage verdict, thus reducing their liability.... Having pleaded for the relief, and the burden being upon them, we now consider the evidence to determine whether Safeway–Connell satisfied the burden of proof.... [I]t is without dispute that the burden was upon them to prove the proper amount of damages sought to be credited to them....

Thus, in the context of 'burden of proof' and 'burden ... to prove', it is a logical inference that defendants seeking a credit are obliged to offer the trial court evidence of 'the sum of the dollar amounts of all settlements.' This may be done in the manner other operative facts are proven, through a judicial admission, a stipulation, a request for judicial notice or properly admitted documents or testimony. The comments of Mobil's attorney were none of these, they were simply 'lawyer talk', not evidence, which does not provide the necessary basis of proof.

---

**2.** Tex. Civ. Prac. & Rem.Code Ann. § 33.012(b)(1).

In this case, the following exchange occurred at a post-trial hearing:

> THE COURT: ... But somebody is going to have to give me a figure considering all the credits that are due to Owens Corning
>
> [OCF's Counsel]: Based on the way that the Court is intending to craft the judgment, I believe that it would be $2,025,-000.00. Is that right, Herschel?
>
> [Schmidt's Counsel]: That's what you've got set out in your motion this morning.

Schmidt's counsel merely acknowledged there was an amount alleged in a motion. This was no stipulation or judicial admission of any amounts. There is no evidence of the amounts of any of the settlements other than the $250,000 settlement previously discussed. Since OCF failed to provide evidence of the settlement amounts, the trial court erred in awarding a credit. Consequently, I would sustain the cross-point and reform the judgment.