

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-25-00620-CV

———————————————

PHILLIP CHEN AND JIANG CHEN, Appellants

V.

DFW HOME SERVICES, LLC D/B/A DFW IMPROVED, Appellee

On Appeal from the 67th District Court
Tarrant County, Texas
Trial Court No. 067-349646-24

Before Birdwell, Wallach, and Walker, JJ.
Memorandum Opinion by Justice Walker

# MEMORANDUM OPINION

## I.  INTRODUCTION

Following an arbitrator's final award in favor of Appellee DFW Home Services, LLC d/b/a/ DFW Improved, Appellee moved to confirm the award, and Appellants Philip and Jiang Chen moved to vacate the award.  The trial court granted Appellee's motion and denied Appellants' motion.

Appellants raise five appellate issues challenging the trial court's order denying their motion to vacate.  Because they fail to present a sufficient record of the arbitral proceeding to support their vacatur grounds and because they attempt to collaterally attack the award with complaints that were not presented to the arbitrator, we will affirm.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

In June and August of 2022, Appellants entered into two contracts with Appellee for restoration work on their home.[1]  Appellee completed the restoration work, but Appellants failed to fully make payment.  Appellee recorded and perfected an affidavit claiming a lien on Appellants' property and sent them a written demand for all amounts due and owing under the contracts.  Appellants still did not make payment.

---

[1]Both contracts contained an arbitration provision and a venue clause designating Collin County.

In January 2024, Appellee sued Appellants in Tarrant County,[2] and they answered with a general denial. Pursuant to the contracts' arbitration provisions, Appellee moved unopposed to compel arbitration, and the trial court granted an agreed order compelling arbitration and staying the action.

Following a one-day hearing,[3] the arbitrator found, among other things, that Appellee was entitled to (1) contractual damages for its unpaid work, (2) foreclosure of its lien, and (3) reasonable and necessary attorney's fees. The arbitrator signed the final award, and Appellee moved to confirm the award. Appellants responded that they did "not object to the entry of judgment."

But before the trial court ruled on Appellee's motion to confirm, Appellants moved to vacate the award, alleging that their rights had been prejudiced by the arbitrator's evident partiality and that the arbitrator had refused to postpone the arbitration hearing after they showed sufficient cause for the postponement, refused to hear evidence material to the controversy, or conducted the hearing contrary to Texas Civil Practice and Remedies Code Sections 171.043–171.047. The motion did not provide further explanation or include any evidence in support of these

---

[2]Appellee brought claims for breach of contract, quantum meruit, violation of the Texas Prompt Payment to Contractors and Subcontractors Act, foreclosure of lien, and attorney's fees and costs.

[3]There is no transcript of the arbitration hearing.

3

allegations. The trial court denied Appellants' motion to vacate and granted Appellee's motion to confirm.

Appellants then moved for a new trial, and alternatively, moved to modify, correct, reform, or reconsider the judgment—reasserting the same allegations from their motion to vacate.[4] Appellee responded and argued that Appellants' motion was essentially another motion to vacate because it was a regurgitation of the same previously asserted grounds and that they could not file another motion to vacate because the award had already been confirmed. A hearing was conducted on Appellants' motion for new trial, but no evidence or new arguments were presented. The trial court denied the motion for new trial, and Appellants filed this appeal.

## III. STANDARD OF REVIEW

An arbitration award is conclusive on the parties as to all matters of fact and law submitted to the arbitrator and has the effect of a judgment of a court of last resort. *See CVN Grp., Inc. v. Delgado*, 95 S.W.3d 234, 238 (Tex. 2002). Accordingly, judicial review of an arbitration award is extraordinarily narrow, and we may vacate an arbitration award only in very unusual circumstances. *See Oxford Health Plans LLC v. Sutter*, 569 U.S. 564, 568, 133 S. Ct. 2064, 2068 (2013); *Rain CII Carbon, LLC v.*

---

[4]Appellants attached an affidavit from Appellant Philip Chen claiming—for the first time—that the arbitrator had stated during the arbitration hearing, "This is a fast[-]track arbitration, I do not get paid enough for this[,] and I do not have the time to review your evidence." No transcript of the arbitration hearing was attached to support this claim.

*ConocoPhillips Co.*, 674 F.3d 469, 472 (5th Cir. 2012); *E. Tex. Salt Water Disposal Co. v. Werline*, 307 S.W.3d 267, 271 (Tex. 2010).

To protect the strong deference accorded to arbitration awards, we review a trial court's ruling to vacate or confirm an arbitration award de novo based on the entire record. *See Denbury Onshore, LLC v. Texcal Energy S. Tex., L.P.*, 513 S.W.3d 511, 515 (Tex. App.—Houston [14th Dist.] 2016, no pet.); *Royce Homes, L.P. v. Bates*, 315 S.W.3d 77, 85 (Tex. App.—Houston [1st Dist.] 2010, no pet.). All reasonable presumptions are indulged in favor of the award, and the challenging party bears the burden to establish an allowable ground for vacatur. *See Denbury Onshore*, 513 S.W.3d at 515; *Amoco D.T. Co. v. Occidental Petroleum Corp.*, 343 S.W.3d 837, 841 (Tex. App.—Houston [14th Dist.] 2011, pet. denied). We must focus on the integrity of the process—not the propriety of the result. *See Ancor Holdings, LLC v. Peterson, Goldman & Villani, Inc.*, 294 S.W.3d 818, 826 (Tex. App.—Dallas 2009, no pet.).

Additionally, the Texas Supreme Court has stated the requirements for the arbitration record and for demonstrating error in an arbitration award:

> A court must have a sufficient record of the arbitral proceedings, and complaints must have been preserved, all as if the award were a court judgment on appeal. For efficiency's sake, arbitration proceedings are often informal; procedural rules are relaxed, rules of evidence are not followed, and no record is made. These aspects of arbitration, which are key to reducing costs and delay in resolving disputes, must fall casualty to the requirements for full judicial review. The parties can decide for themselves whether the benefits are worth the additional cost and delay, but the only review to which they can agree is the kind of review courts conduct. If error cannot be demonstrated, an award must be presumed correct.

5

*Nafta Traders, Inc. v. Quinn*, 339 S.W.3d 84, 101–02 (Tex. 2011) (footnotes omitted).

## IV. DISCUSSION

In five issues—four of which are raised for the first time on appeal—Appellants challenge the trial court's denial of their motion to vacate. For ease of discussion, we will address Appellants' issues out of order.

### A. APPELLANTS' GROUNDS FOR VACATUR

In their fourth issue, Appellants allege that "[t]he Arbitrator's actions necessitate vacating the award as the arbitrator demonstrated partiality [and] misconduct,[5] and refused to hear evidence material to the controversy."

### 1. Applicable Law

By default, "[u]nless grounds are offered for vacating, modifying, or correcting an [arbitration] award," the trial court "shall confirm the award." Tex. Civ. Prac. & Rem. Code Ann. § 171.087. The available grounds for vacating, modifying, or correcting an arbitration award are statutorily delineated in the Texas Arbitration Act

---

[5]Appellants now allege that their rights were also prejudiced by the arbitrator's alleged misconduct. *See* Tex. Civ. Prac. & Rem. Code Ann. § 171.088(a)(2)(C). But their motion to vacate did not present this ground to the trial court, and thus it cannot be raised on appeal. *Saiz v. Susser Holdings Corp.*, No. 04-14-00487-CV, 2015 WL 1089605, at *2 (Tex. App.—San Antonio Mar. 11, 2015, no pet.) (mem. op.) ("Any ground for vacatur not presented to the trial court is waived and cannot be argued on appeal."); Tex. R. App. P. 33.1(a); *see also Jefferson Cnty. v. Jefferson Cnty. Constables Ass'n*, 546 S.W.3d 661, 665 (Tex. 2018) (questioning preservation and citing case law "holding that a party seeking to vacate an arbitration award waives on appeal any grounds not presented to the trial court").

(TAA).[6]  *See id.* §§ 171.088, .091; *Hilton v. Korrect Gen. Contracting, LLC*, No. 02-20-00337-CV, 2021 WL 4621761, at *2 (Tex. App.—Fort Worth Oct. 7, 2021, pet. denied) (mem. op.) (noting that the statute "'leaves no room for courts to expand on' the grounds listed" for vacating or modifying an arbitration award (quoting *Hoskins v. Hoskins*, 497 S.W.3d 490, 494 (Tex. 2016))).

Under the TAA, and as relevant here, a trial court must vacate an arbitration award on application of a party if (1) the rights of a party were prejudiced by "evident partiality by an arbitrator appointed as a neutral arbitrator" or (2) the arbitrator "refused to hear evidence material to the controversy" or "conducted the hearing, contrary to Section 171.043, . . . 171.045, . . . or 171.047, in a manner that substantially prejudiced the rights of a party." *See* Tex. Civ. Prac. & Rem. Code Ann. § 171.088(a)(2)–(3). Otherwise, the default rule applies, and the trial court "shall confirm the award." *Id.* § 171.087.

## 2. Appellants Present an Insufficient Record

Appellants' motion to vacate states as follows:

The arbitration award should be vacated for the following reasons:

a.  the rights of a party were prejudiced by –

---

[6]The applicability of the TAA to this case is not reasonably in doubt. Neither party has questioned the TAA's applicability; to the contrary, the parties' briefing reflects their assumption that this case is, in fact, governed by the TAA. Further, this case does not fall within any of the statutory exceptions to the TAA's applicability set forth in Section 171.002(a) of the Texas Civil Practice and Remedies Code. *See id.* § 171.002(a).

1. evident partiality by an arbitrator appointed as a neutral arbitrator.

b. the arbitrator –

1. refused to postpone the hearing after a showing of sufficient cause for the postponement;[7]

2. refused to hear evidence material to the controversy; or

3. conducted the hearing, contrary to Civil Practice and Remedies Code [S]ection 171.043, 171.044, 171.045, 171.046, or 171.047, in a manner that substantially prejudiced . . . the rights of a party.

The motion does not include a record of the documents and the proceedings before the arbitrator, attach any exhibits, or otherwise offer any explanation whatsoever of (1) how the arbitrator demonstrated evident partiality, (2) what evidence the arbitrator refused to consider, or (3) how the arbitrator conducted the hearing contrary to the Texas Civil Practice and Remedies Code.[8]

---

[7]Appellants have abandoned this ground on appeal.

[8]Following the trial court's denial of their motion to vacate, Appellants moved for a new trial and attached an affidavit from Appellant Philip Chen, wherein he claimed that the arbitrator told him at the arbitration hearing that he (the arbitrator) did not have time to consider Appellants' evidence. But parties may not rely on exhibits attached to the pleadings before the trial court, or more specifically their motion to vacate, for evidentiary purposes absent their admission into evidence. *See Shah*, 580 S.W.3d at 265–66 (declining to consider exhibits attached to motion to vacate); *see also Gordon v. Trucking Res. Inc.*, No. 05-21-00746-CV, 2022 WL 16945913, at *6 (Tex. App.—Dallas Nov. 15, 2022, no pet.) (mem. op.) (stating that there was no record of the arbitration proceedings except the arbitration award and that although the motion to vacate purported to provide the background and procedural history of the arbitration, that description did not constitute a record of the documents and the proceedings before the arbitrator, nor was it evidence that could be considered by the

As noted, no record was made of the arbitration hearing. Without a record from the hearing, we must presume that the evidence was adequate to support the award. *See Nafta Traders*, 339 S.W.3d at 102; *Shah v. Star Anesthesia, P.A.*, 580 S.W.3d 260, 265 (Tex. App.—San Antonio 2019, no pet.) ("When there is no transcript of the arbitration hearing, the appellate court will presume the evidence was adequate to support the award." (quoting *GJR Mgmt. Holdings L.P. v. Jack Raus, Ltd.*, 126 S.W.3d 257, 263–64 (Tex. App.—San Antonio 2003, pet. denied))). Appellants do not argue that their vacatur grounds can be decided without a record from the arbitration hearing.

We are at a loss for how Appellants expect us to review these grounds without a record of the hearing.[9] As the Dallas Court of Appeals stated in *ZTE Corp. v. Universal Telephone Exchange, Inc.*, "Again, with no record of the arbitration hearing proceedings before us, we do not know what evidence [Appellants] presented to the arbitrator nor can we review the arbitrator's conduct in connection with this complaint." No. 05-17-00781-CV, 2018 WL 6039694, at \*6 (Tex. App.—Dallas

trial court or appellate court). Philip's affidavit does not constitute a record of the documents and the proceedings before the arbitrator, nor is it evidence that we can consider.

[9]As a foreshadow of their other appellate issues, here, Appellants attempt to raise arguments that were not presented to the trial court. For example, they now contend that the arbitrator was evidently partial because he determined that Appellee's lien was proper and because he addressed only Appellee's claims. But as shown above, Appellants did not present these arguments to the trial court, and thus they cannot be raised for the first time on appeal.

Nov. 19, 2018, pet. denied) (mem. op.). Thus, we must presume that the arbitration award is correct. Accordingly, because Appellants failed to meet their burden to bring forward a record of the arbitration hearing, we hold that the record lacks sufficient evidence to support their claims that the arbitrator demonstrated evident partiality, refused to hear evidence, or conducted the hearing contrary to the Texas Civil Practice and Remedies Code. *See Nafta Traders*, 339 S.W.3d at 102; *Shah*, 580 S.W.3d at 265.

We overrule Appellants' fourth issue.

## B. APPELLANTS' WAIVED ISSUES

In Appellants' four other issues, they complain that (1) "Appellee's actions are barred by the doctrine of compulsory counterclaims," (2) "the foreclosure of the homestead estate [was] improper" because Appellee's lien was defective, (3) "the trial courts of Collin County have mandatory venue to hear this matter," and (4) "the arbitrator's award[ed] attorney's fees were not reasonable nor necessary." But none of these complaints were presented to the arbitrator—or the trial court for that matter.[10]

---

[10]It is a prerequisite to appeal that the record must show that the complaints on appeal were preserved for appellate review—meaning that they were made to the trial court by a timely request, objection, or motion and that the trial court either ruled on the request, objection, or motion, either expressly or implicitly, or refused to rule and that the complaining party objected to the refusal. Tex. R. App. P. 33.1(a); *Alikhan v. Alikhan*, No. 03-19-00515-CV, 2021 WL 3085844, at *3 (Tex. App.—Austin July 22, 2021, pet. denied) (mem. op.). As stated by the *Alikhan* court,

"Important prudential considerations underscore" this rule of preservation, . . . *B.L.D.*, 113 S.W.3d 340, 350 (Tex. 2003), making this

"Error preservation is not unique to trial proceedings; a party challenging an arbitration award on appeal must first raise a timely objection with the arbitrator just 'as if the award were a court judgment on appeal.'" *Superior Healthplan, Inc. v. Legacy Home Health Agency, Inc.*, No. 13-20-00160-CV, 2022 WL 868530, at *2 (Tex. App.—Corpus Christi–Edinburg Mar. 24, 2022, no pet.) (quoting *Nafta Traders*, 339 S.W.3d at 101). As the Texas Supreme Court has explained, the principles for error preservation set forth in Rules 33 and 34 of the Texas Rules of Appellate Procedure govern appeals from arbitration awards. *Nafta Traders*, 339 S.W.3d at 101 n.80.

rule "technical, but not trivial," *USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 518 (Tex. 2018) (quoting *Burbage v. Burbage*, 447 S.W.3d 249, 258 (Tex. 2014)). "This rule 'conserves judicial resources by giving trial courts an opportunity to correct an error before an appeal proceeds,' promotes 'fairness among litigants' by prohibiting them from surprising their opponents on appeal, and furthers 'the goal of accuracy in judicial decision-making' by allowing the parties to 'develop and refine their arguments' and allowing the trial court to 'analyze the questions at issue.'" *Id.* at 510 (quoting *In re B.L.D.*, 113 S.W.3d at 350); *see Cruz v. Andrews Restoration, Inc.*, 364 S.W.3d 817, 830 (Tex. 2012) ("Failing to [preserve error] squanders judicial resources, decreases the accuracy of trial court judgments and wastes time the judge, jurors, lawyers, and parties have devoted to the case."). "The core principle underlying error-preservation requirements is that *the trial court should be given the opportunity to correct potential errors before the case proceeds on appeal.*" *Majeed v. Hussain*, No. 03-08-00679-CV, 2010 WL 4137472, at *3 (Tex. App.—Austin Oct. 22, 2010, no pet.) (mem. op.) (citing *In re C.O.S.*, 988 S.W.2d 760, 765 (Tex. 1999)).

2021 WL 3085844, at *3 (emphasis added). Here, other than the motion for new trial that merely repeats the grounds listed in the motion to vacate, the record is completely devoid of any objections made to the trial court, and Appellants attempt to complain of issues that they never raised below.

11

Therefore, by failing to raise an objection with the arbitrator, a party waives the issue. *Quinn v. Nafta Traders, Inc.*, 360 S.W.3d 713, 719–20 (Tex. App.—Dallas 2012, pet. denied) (holding on remand that Nafta waived certain points by failing to present them to the arbitrator); *Superior Healthplan, Inc.*, 2022 WL 868530, at *2. As one of our sister courts has observed, "[A] party should not be able to sit idle through an arbitration and then, after an adverse result, collaterally attack that procedure on grounds never presented to the arbitrator." *Quinn*, 360 S.W.3d at 719.

Here, these four complaints were never presented to the arbitrator or to the trial court.[11] Thus, these issues amount to an impermissible collateral attack on the arbitration award. *See Quinn*, 360 S.W.3d at 719. Accordingly, having failed to raise

---

[11]While the appellate record does not contain a record of the arguments and evidence presented to the arbitrator, Appellee repeatedly asserted in its response brief that these issues are not preserved for appellate review because Appellants made no such objections. Appellants did not dispute this assertion in their reply brief. Because Appellee's assertion was unchallenged, we can accept it as true. *See Rancher v. Franks*, 269 S.W.2d 926, 927–28 (Tex. Civ. App.—Fort Worth 1954, no writ) ("In her brief appellant says that appellees filed no motion for judgment non obstante veredicto. Since that statement is unchallenged, this Court is not required to look to the record but may accept appellant's statements as true."); *see also Owens–Corning Fiberglas Corp. v. Schmidt*, 935 S.W.2d 520, 525 (Tex. App.—Beaumont 1996, writ denied) ("[E]ven though there is no proof supporting OCF's settlement credit claim, we accept as true the unchallenged fact statements contained in its brief). Further, the fact that the arbitrator's award does not address any of these issues supports Appellee's assertion that they were never raised in arbitration. In any event, because the "party seeking to vacate an arbitration award bears the burden of presenting a complete record that establishes grounds for vacatur," it was incumbent upon Appellants to show that they preserved these issues by raising a timely objection with the arbitrator. *Amoco D.T.*, 343 S.W.3d at 841. Appellants failed to make such a showing.

these complaints with the arbitrator, we hold that Appellants have failed to preserve these four issues for our review.[12]

We overrule Appellants' first, second, third, and fifth issues.

## V. CONCLUSION

Having overruled Appellants' five issues, we affirm the trial court's judgment.

/s/ Brian Walker

Brian Walker
Justice

Delivered: April 30, 2025

---

[12]Moreover, even if Appellants had preserved these issues, because they are not valid statutory grounds for vacating an arbitration award, we would nevertheless affirm the trial court's judgment. *See* Tex. Civ. Prac. & Rem. Code Ann. § 171.088(a); *Hilton*, 2021 WL 4621761, at *2.