**MID–CENTURY INSURANCE COMPANY OF TEXAS, Appellant,**

v.

**Jack KIDD, Appellee.**

No. 08–97–00342–CV.

Court of Appeals of Texas, El Paso.

July 9, 1998.

---

**5.** We recognize the Dallas Court of Appeals has also held that, because a motion for judgment n.o.v. is to be treated as a motion to modify for purposes of extending the appellate timetable, it must be similarly treated for purposes of the thirty-day filing deadline for filing a motion to modify. *Thomas*, 825 S.W.2d at 141 (appellate timetable not extended because amended motion for judgment n.o.v. not filed within thirty days of judgment). However, this issue is not before us in this case, and the *Thomas* Court's reasoning appears inconsistent with what is effectively the Supreme Court of Texas' holding in *Walker* and this court's decision in *Hann*. *See Walker v. S & T Truck Lines, Inc.*, 409 S.W.2d 942, 943 (Tex.Civ. App.—Corpus Christi 1966, writ ref'd); *Hann v. Life & Cas. Ins. Co. of Tenn.*, 312 S.W.2d 261, 263 (Tex.Civ.App.—San Antonio 1958, no writ). For both reasons, this opinion should not be interpreted as adopting a thirty-day deadline for filing motions for judgment n.o.v. and motions to disregard jury findings.

Steven L. Hughes, Mounce, Green, Myers, Safi & Galatzan, El Paso, for Appellant.

Evelina Ortega, Caballero & Ortega, L.L.P., Mara Asya Blatt, Law Offices of Mara Asya Blatt, El Paso, for Appellee.

Before LARSEN, McCLURE and CHEW, JJ.

## OPINION

LARSEN, Justice.

This appeal by an insurance carrier concerns the offset of uninsured underinsured motorist benefits (UM) by the amount of personal injury protection benefits (PIP) already paid. Mid–Century Insurance Company of Texas (Mid–Century) maintains that the trial court erred in refusing to offset a judgment against it by $10,000 in personal injury protection (PIP) benefits that it paid its insured, the owner/operator under an automobile insurance policy. In addition, Mid–Century urges that the trial court erred in refusing to reform the judgment to delete prejudgment interest for the period of time following a settlement offer. We affirm.

## FACTS

Jack Kidd was involved in an automobile accident while driving his own insured automobile, causing him property damage and serious personal injuries. The other driver, who was at fault, had no liability insurance policy at the time of the accident.

Kidd was covered by a personal automobile insurance policy issued by Mid–Century. The policy included UM coverage with limits of $100,000 and PIP coverage with limits of $10,000. In compliance with the terms of the policy, Mid–Century paid Kidd $10,000 in PIP benefits. Kidd sued Mid–Century for uninsured motorist benefits. A jury found Kidd had $13,000 in expenses for past medical care resulting from the accident.

Mid–Century moved for a credit and offset against the $10,000 for PIP benefits already

paid. The trial court denied the motion and entered judgment for the full $13,000 plus prejudgment interest. After judgment was entered, Mid–Century filed its motion to reform the judgment to delete prejudgment interest accrued after a certain date. The trial court denied that motion as well.

### Personal Injury Protection Offset

In its first issue, Mid–Century contends that the trial court erred by not allowing an offset against the judgment for the $10,000 it paid Kidd for PIP. Mid–Century relies on *James v. Nationwide Property & Cas. Ins.*[1] to support its claim that it is entitled to a credit. In *James*, the Houston 14th Court reviewed a case involving a passenger in a car driven by the policy owner. *James* recognized that the Insurance Code provides for an offset against liability insurance claims, including claims for uninsured motorist liability, where the insurer has also paid personal injury protection claims.[2]

The specific offset Insurance Code provision, Article 5.06–3(h), states:

> When any liability claim is made by any *guest* or *passenger* described in paragraph (b) hereof against the owner or operator of the motor vehicle in which he was riding or the owner's or operator's liability insurance carrier, the owner or operator of such motor vehicle or his liability insurance carrier shall be entitled to an offset, credit or deduction against any award made to such *guest* or *passenger* in an amount of money equal to the amounts paid by the owner, operator or his automobile liability insurance carrier under 'personal injury protection' as defined in this Act to such *guests* or *passengers* . . . .[3]

Thus, *James* applied Article 5.06–3(h) because there a passenger sued the liability insurance carrier. *James* does not control here, however, as Kidd was not a guest or passenger, but owner and operator of the insured automobile. Article 5.06–3(h) does

1. 786 S.W.2d 91 (Tex.App.—Houston [14th Dist.] 1990, no writ).

2. *Id.* at 94 (citing TEX. INS.CODE ANN. art. 5.06–3(h) (Vernon 1981)).

3. TEX. INS.CODE ANN. art. 5.06–3(h) (Vernon 1981) (emphasis added).

not allow a liability insurance carrier to take an offset when the owner makes a claim against his or her own insurance carrier.[4]

Instead, we believe the trial court properly refused to reduce the judgment against the insurance company by the amounts previously paid petitioners under the PIP coverage of the automobile insurance policy, following the authority of *Dabney v. Home Ins. Co.*[5] In *Dabney*, the Supreme Court held that an insurer is not entitled to set off payments under PIP coverage against claims made under UM coverage.[6] Because we find *Dabney* to control this issue, we hold that the trial court did not err in refusing to give Mid–Century an offset for PIP benefits paid to Jack Kidd.

### Prejudgment Interest

■ The second issue raised by Mid–Century concerned the amount of prejudgment interest awarded by the trial court. During the pendency of this case, the trial court entered an order suspending accrual of prejudgment interest from September 3, 1996 until judgment was entered. After trial, however, judgment was entered which did not preclude prejudgment interest for any period. Mid–Century did not object to the inclusion of prejudgment interest at the time judgment was entered.

■ After entry of judgment but before the trial court lost plenary power, Mid–Century filed its motion to modify, correct, or reform the judgment asking that the trial court reform the judgment "to delete any prejudgment interest awarded for the time period after December 7, 1995" because a settlement offer of $21,000 was made on that day. Mid–Century's motion also asked that prejudgment interest be deleted from the judgment either from November 29, 1994 or November 27, 1995 because a $5,000 settlement offer was tendered to the plaintiff on those days. Kidd responds that Mid–Century waived any objection by not timely raising the issue. We agree. A party seeking to toll prejudgment interest has an obligation to put its request to the court.[7] Both the party seeking prejudgment interest and the party seeking to toll it must provide the court with competent evidence establishing the proper amount of the award.[8] Here, the issue of prejudgment interest was not brought to the trial court's attention when judgment was entered.

■ Nevertheless, Mid–Century asks this court to reduce the amount of the award in accordance with the trial court's order of August 6, 1996 suspending the accrual of prejudgment interest from September 3, 1996. Because the award of prejudgment interest is generally discretionary with the trial court,[9] because Mid–Century did not bring its prior order tolling prejudgment interest to the trial court's attention when judgment was entered, and because we discern exceptional circumstances warranting

---

4. *See James v. Brown*, 637 S.W.2d 914, 918 (Tex. 1982) ("[I]t is a well settled rule of construction that the 'express mention or enumeration of one person, thing, consequence, or class is equivalent to an express exclusion of all others.' ").

5. 643 S.W.2d 386, 389 (Tex.1982).

6. *Id.*

7. *Quality Beverage, Inc. v. Medina*, 858 S.W.2d 8, 11 (Tex.App.—Houston [1st Dist.] 1993, no writ).

8. *Id.*

9. *Lege v. Jones*, 919 S.W.2d 870, 875–76 (Tex. App.—Houston [14th Dist.] 1996, no writ); *Southwest Airlines Co. v. Jaeger*, 867 S.W.2d 824, 837 (Tex.App.—El Paso 1993, writ denied). It is important to note that prejudgment interest "is authorized by statute in Texas." *Jaeger*, 867

S.W.2d at 837. "While the statute on its face only applies to wrongful death, personal injury, and property damage cases, the courts of Texas have extended the statute's authorization of prejudgment interest to breach of contract actions for unascertainable damages." *Id.* (citing *Perry Roofing Co. v. Olcott*, 744 S.W.2d 929, 930–31 (Tex.1988)). We believe that a breach of contract action against a person's insurance company for recovery of UM benefits is a type of action for unascertainable damages. *But see Matthews v. DeSoto*, 721 S.W.2d 286, 287 (Tex.1986); *Hansen v. Academy Corp.*, 961 S.W.2d 329, 335–36 (Tex.App.—Houston [1st Dist.] 1997, no writ). In *Matthews*, the Texas Supreme Court adopted an approach that "the trial court [has] no discretion to lessen or increase the interest amount for delays caused by either party." *Matthews*, 721 S.W.2d at 287. The Texas Supreme Court disapproved of the court of appeals language that said a trial court has the discretion to reduce a plaintiff's prejudgment interest award. *Id.*

the denial of prejudgment interest, we find that the trial court did not abuse its discretion.[10]

### *CONCLUSION*

We affirm the judgment.

---

10. *See Lege,* 919 S.W.2d at 876; *Jaeger,* 867 S.W.2d at 837.