Allstate Indemnity Company v. Rita Collier
















IN THE
TENTH COURT OF APPEALS
 

No. 10-97-289-CV

     ALLSTATE INDEMNITY COMPANY,
                                                                              Appellant
     v.

     RITA COLLIER,
                                                                              Appellee
 

From the 220th District Court
Bosque County, Texas
Trial Court # 96-03-06396BCCV
                                                                                                                

DISSENTING OPINION
                                                                                                                

      I dissent because I do not believe the majority properly applies the offset allowed under the
underinsured motorist coverage. I do not think Allstate is liable for prejudgment interest when
the damages sustained by Collier were less than the amount of the offset to which Allstate was
entitled.
      Rita Collier was injured when the car in which she was a passenger was struck by a car driven
by Cynthia Buie in Tallahasssee, Florida, on March 14, 1994. Buie had $100,000 in liability
insurance. An insurance policy issued by Allstate Indemnity Company provided $20,000 in
underinsured motorist coverage to Collier. On March 5, 1996, without having filed a suit, Collier
settled with Buie for $75,000. She sued Allstate a few days later, and a jury found that she had
sustained damages of $93,702.50. This appeal arises out of the court's allowing Collier's claim
for prejudgment interest.
      The parties agree that article 5069-1.05 of the Civil Statutes, the provision in effect prior to
September 1, 1997, would control the beginning date for any calculations of prejudgment interest
in this case.


 The Supreme Court's most recent modification of Cavnar conformed the common
law rule with the statute and allows prejudgment interest from an accrual date of 180 days after
the date the defendant receives written notice of the claim


 or the date suit is filed, whichever is
earlier, at the statutory rate for prejudgment interest, computed as simple interest. See Johnson
& Higgins v. Kenneco Energy, Inc., 962 S.W.2d 507, 531-32 (Tex. 1998) (citing Cavnar v.
Quality Control Parking, Inc., 696 S.W.2d 549 (Tex. 1985)). Where the parties differ, and where
I differ with the majority, is in the method of applying the offset to which Allstate is entitled under
the underinsured motorist provision of its insurance policy. 
      As the majority recognizes, a suit to recover under an underinsured motorist provision is a
suit on the contract, rather than a personal injury suit. See Mid-Century Ins. Co. v. Kidd, 974
S.W.2d 848, 850 n.9 (Tex. App.—El Paso 1998, pet. filed).  However, because the measure of
damages under the insurance policy is couched in terms of amounts that the insured is entitled to
as tort damages, personal injury prejudgment interest would ordinarily apply. 
 
      Article 5.06—1(5) of the Insurance Code provides:
The underinsured motorist coverage shall provide for payment to the insured of all sums
which he shall be legally entitled to recover as damages from owners or operators of
underinsured motor vehicles because of bodily injury or property damage in an amount up to
the limit specified in the policy, reduced by the amount recovered or recoverable from the
insurer of the underinsured motor vehicle.

Tex. Ins. Code Ann. art. 5.06—1(5) (Vernon 1981) (emphasis added). In my view, a plain
reading of the statute requires that the offset for "the amount recovered or recoverable" be made
against "all sums . . . for damages . . . because of bodily injury or property damage." 
      Applying the clear language of the statute to these facts: the underinsured motorist coverage
(Allstate) shall provide for payment to the insured (Collier), in an amount up to the limit specified
in the policy ($20,000), of all sums which she shall be legally entitled to recover as damages
because of bodily injury or property damage ($93,702.50), from owners or operators of
underinsured motor vehicles (Buie), reduced by the amount recovered or recoverable from the
insurer of the underinsured motor vehicle ($100,000). The net result is zero. There being no net
damages, no prejudgment interest is due.
      In summary, although Collier settled with Buie for $75,000, Allstate is entitled to a credit for
$100,000—the amount recoverable. The jury found damages of $93,702.50 to be the amount of
damages sustained by Collier for her bodily injuries (she did not claim property damages). 
Allowing Allstate an offset of the amount recoverable from Buie, $100,000, results in no net
damages on which to base prejudgment interest. 
      I see nothing in section 5.06 of the Insurance Code that requires inclusion of prejudgment
interest before applying the offset. In fact, the contrary is true. Reading "all sums" to include
prejudgment interest ignores the limiting words "because of bodily injury or property damage." 
Furthermore, allowing the offset before prejudgment interest is calculated is a rule that can be
uniformly applied. And, it is consistent with the way settlements are treated in personal injury
suits. See Owens-Corning Fiberglas Corp. v. Schmidt, 935 S.W.2d 520, 524 (Tex.
App.—Beaumont 1996, writ denied) (trial court erred in calculating prejudgment interest before
crediting settlements) (citing C & H Nationwide, Inc. v. Thompson, 810 S.W.2d 259, 275 (Tex.
App.—Houston [1st Dist.] 1991), aff'd in part and rev'd in part on other grounds, 903 S.W.2d
315 (Tex.1994)). In such cases prejudgment interest is computed on the reduced figure.
      I would sustain Allstate's first issue, reverse the judgment, and render a take-nothing
judgment.
 
                                                                         BILL VANCE
                                                                         Justice

Opinion delivered and filed December 23, 1998
Publish