**ALLSTATE INDEMNITY COMPANY,**
Appellant,

v.

**Rita COLLIER, Appellee.**

**No. 10–97–289–CV.**

Court of Appeals of Texas,
Waco.

Dec. 23, 1998.

Rehearing Overruled Jan. 13, 1999.

Gerald L. Bolfing & Colin H. O'Neill, Fulbright, Winniford, Bice & Marable, Waco, for appellant.

Derrel Luce, Waco, for appellee.

Before Justice CUMMINGS, Justice VANCE, and Justice CAMPBELL (Sitting by Assignment).

## OPINION

CAMPBELL, Justice.

Rita Collier suffered injuries from an automobile collision caused by the negligence of the driver of the other car. Collier settled with the other driver's insurance carrier for less than policy limits, then sought recovery from Allstate under the underinsured motorist provisions of her own insurance policy. A jury determined Collier's damages to which the court added prejudgment interest. The trial court then reduced Collier's recovery of damages and interest by the limits of the tortfeasor's insurance policy and rendered judgment for the reduced amount. *See* TEX. INS.CODE ANN. art. 5.06—1(5) (Vernon 1981).

Allstate claims the court erred: (1) in failing to render a take-nothing judgment; and (2) by awarding "prejudgment interest on the full amount of the jury award without

reference to the settlement with the third party tortfeasor."

## FACTUAL BACKGROUND

The collision occurred in the State of Florida on March 14, 1994. With Allstate's consent, Collier settled with the negligent driver and her insurance carrier for $75,000, although the negligent driver's policy limit was $100,000. She then sought recovery from Allstate under the underinsured motorist provisions of her own policy. A jury found that Collier suffered actual damages of $93,-702.50. Under the provisions of the former article 5069—1.05, section 6(a), the court calculated prejudgment interest based on an accrual date beginning 180 days after Allstate received written notice of Collier's claim. *See* Act of June 3, 1987, 70th Leg., 1st C.S., ch. 3, § 1, 1987 Tex. Gen. Laws 51, 51 (repealed 1997) (current version at TEX. REV.CIV. STAT. ANN. art. 5069—1E.104 (Vernon Supp.1999)) (hereinafter, "TEX.REV.CIV. STAT. ANN. art. 5069—1.05, § 6(a)"). The court calculated that Collier is entitled to $26,286.08 prejudgment interest. The court added the $26,286.08 to the damages awarded for a total of $119,988.58. The court then reduced this amount by the $100,000 recoverable under the tortfeasor's policy and rendered judgment for Collier for $19,988.58.

## PERTINENT LAW

Article 5.06—1(5) of the Insurance Code provides that an insured shall be paid:

*all sums which he shall be legally entitled to recover as damages* from owners or operators of underinsured motor vehicles because of bodily injury or property damage in an amount up to the limit specified in the policy, reduced by the amount recovered or recoverable from the insurer of the underinsured motor vehicle.

TEX. INS.CODE ANN. art. 5.06—1(5) (emphasis added). As stated by the Legislature, the purpose of underinsured motorist coverage is "the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of . . . underinsured motor vehicles." *Id.* art. 5.06—1(1); *Stracener v. United Servs. Auto. Ass'n,* 777 S.W.2d 378, 382 (Tex.1989).

### A. PREJUDGMENT INTEREST

Under current Texas law a plaintiff in a personal injury action is entitled to recover actual damages as well as prejudgment interest on those damages. TEX.REV.CIV. STAT. ANN. art. 5069—1.05, § 6(a). Before the enactment of article 5069—1.05, section 6, the equitable principles announced in *Cavnar v. Quality Control Parking, Inc.* permitted a personal injury plaintiff to recover prejudgment interest. 696 S.W.2d 549, 553 (Tex. 1985).

An action to recover damages under an underinsured motorist provision is not a personal injury case. Rather, it is a suit on the insurance contract to recover unascertainable damages. *Mid–Century Ins. Co. v. Kidd,* 974 S.W.2d 848, 850 n. 9 (Tex.App.—El Paso 1998, pet. filed). Thus, a plaintiff is legally entitled to recover prejudgment interest under the equitable principles of *Cavnar* rather than article 5069—1.05. *See Perry Roofing Co. v. Olcott,* 744 S.W.2d 929, 930–31 (Tex.1988). The *Cavnar* Court held that a prevailing plaintiff could recover prejudgment interest, compounded daily, which began to accrue six months after the date of the occurrence giving rise to the cause of action at the rate provided by article 5069—1.05, section 2. *Cavnar,* 696 S.W.2d at 555.

The Supreme Court recently modified *Cavnar* to conform the common law rule for prejudgment interest with the statutory scheme. *See Johnson & Higgins v. Kenneco Energy, Inc.,* 962 S.W.2d 507, 533 (Tex.1998). That Court: (1) changed the accrual date for prejudgment interest to the earlier of 180 days after the date the defendant receives written notice of the claim or the date suit is filed; and (2) held that prejudgment interest shall be computed as simple interest. *Id.* at 531–32.

The *Johnson & Higgins* rule "applies to all cases in which judgment is rendered on or after December 11, 1997, and to all other cases currently in the judicial process in which the issue has been preserved." *Id.* at 533. The parties in this case dispute whether the court calculated prejudgment interest in a proper manner. Thus, *Johnson & Hig-*

*gins* applies because the parties have preserved the issue of prejudgment interest for our review. *Id.*

## B. SETTLEMENT CREDITS

█ Article 5.06—1(5) provides the manner in which the insurer receives credit for any recovery from the underinsured tortfeasor's insurance company. The statutory set-off operates to reduce the total judgment (including prejudgment interest) by the amount recovered or recoverable from the insurer of the underinsured motor vehicle. TEX. INS.CODE ANN. art. 5.06—1(5) ("underinsured motorist coverage shall provide for payment to the insured of *all sums* which he shall be legally entitled to recover as damages ... reduced by the amount recovered or recoverable from the insurer of the underinsured motor vehicle").

Allstate would require the trial court to give it credit for Collier's actual recovery in calculating prejudgment interest *and* the total amount recoverable under the tortfeasor's policy in determining the amount for which it is ultimately liable. However, the statute clearly limits Allstate's offset to either the amount recovered *or* the amount recoverable. *Id.*

## APPLICATION

The court determined the total damages Collier is entitled to recover to be $119,988.58 then reduced this amount by the $100,000 recoverable under the tortfeasor's insurance policy. Although the court erred by using article 5069—1.05 to calculate prejudgment interest, it reached the correct result because the common law and the statutory bases for calculating prejudgment interest are now identical. *See Johnson & Higgins,* 962 S.W.2d at 533. Thus, no reversible error is shown. *See Dale v. Finance America Corp.,* 929 S.W.2d 495, 498 (Tex.App.—Fort Worth 1996, writ denied).

We affirm the judgment.

VANCE, J., dissenting.

1. Article 5069–1E.104 and Section 304.104 of the Finance Code contain the same language as former Article 5069–1.05. TEX.REV.CIV. STAT. ANN. art. 5069–1E.104 (Vernon Supp.1998); TEX FIN. CODE ANN. § 304.104 (Vernon 1998).

VANCE, Justice, dissenting.

I dissent because I do not believe the majority properly applies the offset allowed under the underinsured motorist coverage. I do not think Allstate is liable for prejudgment interest when the damages sustained by Collier were less than the amount of the offset to which Allstate was entitled.

Rita Collier was injured when the car in which she was a passenger was struck by a car driven by Cynthia Buie in Tallahasssee, Florida, on March 14, 1994. Buie had $100,-000 in liability insurance. An insurance policy issued by Allstate Indemnity Company provided $20,000 in underinsured motorist coverage to Collier. On March 5, 1996, without having filed a suit, Collier settled with Buie for $75,000. She sued Allstate a few days later, and a jury found that she had sustained damages of $93,702.50. This appeal arises out of the court's allowing Collier's claim for prejudgment interest.

The parties agree that article 5069–1.05 of the Civil Statutes, the provision in effect prior to September 1, 1997, would control the beginning date for any calculations of prejudgment interest in this case.[1] The Supreme Court's most recent modification of *Cavnar* conformed the common law rule with the statute and allows prejudgment interest from an accrual date of 180 days after the date the defendant receives written notice of the claim[2] or the date suit is filed, whichever is earlier, at the statutory rate for prejudgment interest, computed as simple interest. *See Johnson & Higgins v. Kenneco Energy, Inc.,* 962 S.W.2d 507, 531–32 (Tex.1998) (citing *Cavnar v. Quality Control Parking, Inc.,* 696 S.W.2d 549 (Tex.1985)). Where the parties differ, and where I differ with the majority, is in the method of applying the offset to which Allstate is entitled under the underinsured motorist provision of its insurance policy.

2. Although it makes no difference in the result I would reach, I note that Collier proved the date she gave notice to Allstate rather than the date she gave notice to Buie.

As the majority recognizes, a suit to recover under an underinsured motorist provision is a suit on the contract, rather than a personal injury suit. *See Mid–Century Ins. Co. v. Kidd,* 974 S.W.2d 848, 850 n. 9 (Tex.App.— El Paso 1998, pet. filed). However, because the measure of damages under the insurance policy is couched in terms of amounts that the insured is entitled to as tort damages, personal injury prejudgment interest would ordinarily apply.

Article 5.06—1(5) of the Insurance Code provides:

The underinsured motorist coverage shall provide for payment to the insured of *all sums* which he shall be legally entitled to recover *as damages* from owners or operators of underinsured motor vehicles *because of bodily injury or property damage* in an amount up to the limit specified in the policy, reduced by the amount recovered or recoverable from the insurer of the underinsured motor vehicle.

TEX. INS.CODE ANN. art. 5.06—1(5) (Vernon 1981) (emphasis added). In my view, a plain reading of the statute requires that the offset for "the amount recovered or recoverable" be made against "all sums . . . for damages . . . because of bodily injury or property damage."

Applying the clear language of the statute to these facts: the underinsured motorist coverage (Allstate) shall provide for payment to the insured (Collier), in an amount up to the limit specified in the policy ($20,000), of *all sums* which she shall be legally entitled to recover *as damages because of bodily injury or property damage* ($93,702.50), from owners or operators of underinsured motor vehicles (Buie), reduced by the amount recovered or *recoverable* from the insurer of the underinsured motor vehicle ($100,000). The net result is zero. There being no net damages, no prejudgment interest is due.

In summary, although Collier settled with Buie for $75,000, Allstate is entitled to a credit for $100,000—the amount recoverable. The jury found damages of $93,702.50 to be the amount of damages sustained by Collier for her bodily injuries (she did not claim property damages). Allowing Allstate an offset of the amount recoverable from Buie, $100,000, results in no net damages on which to base prejudgment interest.

I see nothing in section 5.06 of the Insurance Code that requires inclusion of prejudgment interest before applying the offset. In fact, the contrary is true. Reading "all sums" to include prejudgment interest ignores the limiting words "because of bodily injury or property damage." Furthermore, allowing the offset before prejudgment interest is calculated is a rule that can be uniformly applied. And, it is consistent with the way settlements are treated in personal injury suits. *See Owens–Corning Fiberglas Corp. v. Schmidt,* 935 S.W.2d 520, 524 (Tex. App.—Beaumont 1996, writ denied) (trial court erred in calculating prejudgment interest before crediting settlements) (citing *C & H Nationwide, Inc. v. Thompson,* 810 S.W.2d 259, 275 (Tex.App.—Houston [1st Dist.] 1991), *aff'd in part and rev'd in part on other grounds,* 903 S.W.2d 315 (Tex.1994)). In such cases prejudgment interest is computed on the reduced figure.

I would sustain Allstate's first issue, reverse the judgment, and render a take-nothing judgment.