TRUCK INSURANCE EXCHANGE,
Appellant,

v.

Joe ROBERTSON, Appellee.

No. 2–01–337–CV.

Court of Appeals of Texas,
Fort Worth.

Oct. 17, 2002.

---

3. Because of our disposition of appellant's second issue, we need not address the remaining issues. *See* Tex.R.App. P. 47.1.

Johnson & Sylvan, P.C., and Stephen D. McKimmey, Dallas, for appellant.

Clifford B. Rodgers, Fort Worth, for appellee.

PANEL A: CAYCE, C.J., LIVINGSTON and WALKER, JJ.

## OPINION

SUE WALKER, Justice.

### I. INTRODUCTION

In this appeal, we address whether the trial court exceeded our mandate by awarding on remand prejudgment interest to Joe Robertson ("Robertson") for a period from June 29, 1998 to August 6, 2001, and whether the trial court properly calculated this interest award. We will affirm.

### II. BACKGROUND FACTS

#### A. The first appeal

Robertson successfully prosecuted an underinsured motorist ("UIM") claim against his carrier, Truck Insurance Exchange ("Truck"). A jury returned a verdict for Robertson on June 29, 1998. The trial court entered a February 25, 1999 judgment and, subsequently, a May 5, 1999 judgment for Robertson. The final May 5, 1999 judgment included an award of prejudgment interest calculated from the date Robertson gave notice of his claim, approximately seven and one-half years earlier. Truck appealed. Truck claimed that the trial court erred by awarding Robertson prejudgment interest because "Robertson had no right of recovery under his insurance policy until such time as liability and damage had been judicially determined." [1] We sustained Truck's issue. Citing *Henson v. Southern Farm Bureau Casualty*

---

1. A copy of Truck's brief in its first appeal to this court is contained in the Appendix to Robertson's brief in the present appeal.

*Insurance Co.*, 17 S.W.3d 652, 654 (Tex. 2000), we held that Robertson was not "legally entitled to recover" from his UIM carrier until he established fault on the part of the uninsured/underinsured motorist and the extent of the resulting damages. *Truck Ins. Exch. v. Robertson*, No. 2–99–186–CV, slip op. at 5–6 (Tex.App.-Fort Worth Jan. 25, 2001, no pet.) (not designated for publication). Accordingly, we reversed the trial court's judgment and remanded the case to the trial court for "further proceedings, specifically entry of judgment consistent" with our opinion. *Id.* at 21.

### B. The second appeal

On remand, the trial court entered an August 7, 2001 amended judgment for Robertson. The amended judgment awards Robertson prejudgment interest from the date of the jury's verdict for him, June 29, 1998, through the day before the entry of the amended judgment, i.e., through August 6, 2001. Truck now appeals the amended judgment, asserting in two issues that the trial court exceeded the mandate of this court by awarding Robertson prejudgment interest and, alternatively, that the trial court miscalculated the interest it awarded to Robertson.

### III. TRIAL COURT DID NOT EXCEED THIS COURT'S MANDATE

In its first issue, Truck focuses on two sentences in our prior opinion and argues that because of this language, the trial court was not authorized to make any award of prejudgment interest to Robertson in the amended judgment on remand. Truck points out that our prior opinion states, "As a result, Allstate and *Truck Insurance could not be accountable for prejudgment interest*" and that the opinion in one of the other sections, not dealing with Truck's prejudgment interest issue,

states, "*there should never have been any prejudgment interest on which the trial court could have awarded postjudgment interest.*" *Id.* at 6 (emphasis added). Truck argues that the amended judgment's prejudgment interest award on remand exceeds this court's mandate and violates the law of the case as established by this court's prior opinion.

In interpreting the mandate of an appellate court, the trial court looks not only to the mandate itself but also to the appellate court's opinion. *Hudson v. Wakefield*, 711 S.W.2d 628, 630 (Tex.1986); *Seale v. Click*, 556 S.W.2d 95, 96 (Tex.Civ. App.-Eastland 1977, writ ref'd n.r.e.). The trial court must observe and carry out the mandate of the court of appeals, and its orders carrying out the mandate are ministerial. *Martin v. Credit Protection Ass'n, Inc.*, 824 S.W.2d 254, 255–56 (Tex. App.-Dallas 1992, writ dism'd w.o.j.).

Here, our judgment and mandate remanded the case to the trial court "for further proceedings consistent with this opinion." Our opinion likewise remanded the case for "further proceedings, specifically entry of judgment consistent" with our opinion. *Truck Ins. Exch.*, No. 2–99–186–CV, slip op. at 21. The trial court, in accordance with our mandate and consistently with our opinion, entered an amended judgment on remand. The amended judgment, consistent with our opinion, deleted the award of approximately seven and one-half years of prejudgment interest. The amended judgment, however, awarded Robertson prejudgment interest from the date of the jury's verdict, June 29, 1998, through August 6, 2001, the day before the entry of the amended judgment.

Our opinion, viewed as a whole, prohibited only an award of prejudgment interest for any time period prior to a determination of the underinsured motorist's liability and the extent of Robertson's resulting

damages. Our opinion relied heavily on the supreme court's decision in *Henson.* 17 S.W.3d at 653–54. *Henson* holds that prejudgment interest on a contractual UIM claim begins running on "the date liability of the uninsured/underinsured motorist is established" and further indicates that date is the date of the jury's verdict for the insured. *Id.* at 652, 654. Specifically, *Henson* holds:

> When the jury found Contreras at fault for the accident and found Henson damaged by her negligence, *Henson became legally entitled to recover* from her. And because the damages exceeded Contreras' liability policy limits, Henson became entitled to the uninsured/underinsured motorist policy benefits, up to the policy limits. By the terms of the policies, no obligation to pay the claim existed *until the jury established* Contreras' liability. And the insurers paid the claim promptly after the jury made its findings.... Therefore no compensation [prejudgment interest] is due for lost use of the funds.

*Id.* at 654 (emphasis added). Thus, nothing in our opinion, judgment, or mandate prohibited the trial court's award of prejudgment interest from the date of the jury's verdict for Robertson, i.e., the date the jury determined the liability of the underinsured motorist, through the day before entry of the amended judgment on remand. The trial court here did not, as in the cases cited by Truck, exceed the scope of our mandate. *See, e.g., Seale,* 556 S.W.2d at 96–97 (holding limited remand for trial on issue of damages pleaded by cross-action precluded trial on alternative damages claim added in amended pleading after remand); *see also Martin,* 824 S.W.2d at 255–56 (holding trial court properly refused to award additional relief to Martin after mandate issued from supreme court). We hold that the trial court did not exceed the scope of our mandate by

awarding Robertson prejudgment interest for the period of June 29, 1998 through August 6, 2001.

■■■ Truck also contends that the law of the case prohibited any award of prejudgment interest on remand. The "law of the case" doctrine is defined as that principle under which questions of law decided on appeal to a court of last resort will govern the case throughout its subsequent stages. *Hudson,* 711 S.W.2d at 630 (citing *Trevino v. Turcotte,* 564 S.W.2d 682, 685 (Tex.1978); *Governing Bd. v. Pannill,* 659 S.W.2d 670, 680 (Tex.App.-Beaumont 1983, writ ref'd n.r.e.); and *Kropp v. Prather,* 526 S.W.2d 283, 285 (Tex.Civ.App.-Tyler 1975, writ ref'd n.r.e.)). By narrowing the issues in successive stages of the litigation, the law of the case doctrine is intended to achieve uniformity of decision as well as judicial economy and efficiency. *Id.*

The law of the case established by our prior opinion is that Truck was not liable for prejudgment interest on Robertson's claim for UIM benefits prior to the jury's determination that the underinsured motorist was liable and that Robertson's damages exceed the available insurance limits. Therefore, the trial court's amended judgment on remand awarding Robertson prejudgment interest for the period of time from the jury's verdict on June 29, 1998 through August 6, 2001, the day before entry of the amended judgment, does not violate the law of the case established by our prior opinion.

Moreover, Truck's argument that the trial court lacked authority to award prejudgment interest to Robertson in the judgment on remand is really an argument of semantics. The original judgment awarded Robertson postjudgment interest beginning on the date of the judgment. Truck did not complain of this award of postjudgment interest in its first appeal.

The amended judgment on remand recharacterizes as prejudgment interest what was postjudgment interest under the old judgment we reversed.[2] Truck's argument, in effect, is that based on our mandate and the law of the case Robertson is entitled to *no* interest on his judgment during the time Truck pursued its first appeal. We cannot agree. Truck has not cited, and we have not located, any authority for the proposition that a judgment debtor is not required to pay interest on a judgment during its pursuit of an appeal. We overrule Truck's first issue.

#### IV. CALCULATION OF PREJUDGMENT INTEREST

 In a portion of its second issue, Truck complains that the trial court miscalculated the prejudgment interest awarded in the amended judgment on remand. Truck argues that prejudgment interest should not begin to run from the date of the jury's verdict, June 29, 1998, but instead should begin to run on the date of the original judgment, February 25, 1999.

*Henson* dictates that prejudgment interest begins running on an insured's contractual claim against its carrier for UIM benefits when the liability of the underinsured motorist is established and that liability is established by a jury's verdict. *Henson*, 17 S.W.3d at 654. Therefore, under *Henson*, prejudgment interest began running on Robertson's claim on June 29, 1998, when the jury returned a verdict finding fault by the underinsured motorist and finding Robertson damaged by this negligence in an amount exceeding available liability insurance limits. We overrule this portion of Truck's second issue.

2. The amended judgment on remand does not provide for the compounding of this interest

In the remainder of its second issue, Truck argues that the interest awarded to Robertson should be suspended during periods of delay allegedly attributable to Robertson. Truck does not indicate that its request for suspension of accrual of interest was presented to the trial court. The record before us likewise does not demonstrate presentation of this issue to the trial court. Therefore, it is not preserved for our review. TEX.R.APP. P. 33.1(a). We overrule this portion of Truck's second issue.

#### V. CONCLUSION

Having overruled Truck's issues, we affirm the trial court's judgment.