Jimmie R. NORRIS, Appellant,

v.

STATE FARM MUTUAL AUTOMO-
BILE INSURANCE COMPA-
NY, Appellee.

No. 10–01–00370–CV.

Court of Appeals of Texas,
Waco.

April 14, 2004.

Amy Grubbs Thomas, Law Office of
Amy Thomas, Mexia, for appellant.

Michael L. Scanes, Naman, Howell,
Smith & Lee, Waco, Austin, for appellee.

Before Chief Justice GRAY, Justice
VANCE, and Justice REYNA.*

### MEMORANDUM OPINION

BILL VANCE, Justice.

Jimmie R. Norris ("Norris") appeals
from a take-nothing judgment in a suit
against State Farm Mutual Automobile In-
surance Company ("State Farm") to collect
under the underinsured motorist ("UIM")
provision of his insurance policy. Norris
challenges the trial court's failure to award
prejudgment interest and attorney's fees.
Following our decision in *Allstate Indem-
nity Co. v. Collier* and that of the Eastland
Court in *Menix v. Allstate Indemnity Co.*,
we find that Norris is entitled to both.
Therefore, we will reverse the judgment.

On December 8, 1997, Norris was in-
jured in a car accident. After settling his
claim against Allen Johnston, the other
driver, for $40,000, Norris sued State
Farm to collect under the UIM provision
of his insurance policy. A jury determined
that: (1) Johnston's negligence proximate-
ly caused the accident; (2) Norris suffered
$51,200 in damages from the accident; and
(3) Norris's reasonable and necessary at-
torney's fees were $11,500 for trial prepa-
ration, $5,000 for appeal to the court of
appeals, and $7,000 for appeal to the Su-

---

* This case was submitted with former Chief
Justice Davis on the panel, but he resigned
effective August 4, 2003. Justice Reyna, who
took office on January 5, 2004, participated in
the decision.

preme Court. Because Johnston's insurance policy limit was $50,000 and because State Farm had previously paid Norris $5,000 under the personal injury protection ("PIP") provision of Norris's policy, the court determined that State Farm was entitled to $55,000 in settlement credits. Finding that the credits exceeded the damages verdict, the court rendered a take-nothing judgment in favor of State Farm. Norris contends that he was entitled to prejudgment interest on $51,200, as well as attorney's fees.

### Allstate Indemnity Co. v. Collier

■ Norris's first issue asserts that the court erred by failing to award prejudgment interest, citing *Allstate Indemnity Co. v. Collier* for the proposition that he is entitled to have prejudgment interest added to his damages before deducting any settlement credits. *Allstate Indem. Co. v. Collier*, 983 S.W.2d 342, 344 (Tex.App.-Waco 1999, pet. dism. agr.). We agree. In *Collier*, we affirmed a judgment that included prejudgment interest where the jury's determination of damages was less than the tortfeasor's liability insurance. *Id.* at 343–44. Prejudgment interest was added to the jury's damages, then the settlement credit was deducted. *Id.* Thus, the judgment in *Collier* reflected:

| | |
|---|---|
| Damages found by jury | $93,702.50 |
| Plus: Prejudgment Interest, Computed per *Johnson & Higgins* | 26,286.08 |
| Total Damages | 119,988.58 |
| Less: Settlement Credit | (100,000.00) |
| Less: Credit for PIP benefits paid | N/A |
| Judgment: Lesser of $20,000 (Collier's UIM limits) or Total Damages less Credits | $19,988.58 |

### Post–Collier Cases

In 2000, the Texas Supreme Court addressed the issue of prejudgment interest in the context of UIM coverage in *Henson v. Southern Farm Bureau*, 17 S.W.3d 652 (Tex.2000). The Supreme Court held that no contractual obligation to pay under the UIM provisions arose until the jury established the tortfeasor's liability, *i.e.*, that an insurer cannot breach its duty to pay prior to a jury verdict establishing the tortfeasor's liability. *Id.* at 654. However, we do not believe that *Henson* bars all prejudgment interest, because the Court also said, "And the insurers do not dispute that had the trial court awarded prejudgment interest against the tort defendants, the insurers would be obligated to pay the entire judgment including that portion awarded for prejudgment interest, to the extent of policy limits." *Id.* at 653.

As the Eastland Court of Appeals aptly noted, there are two distinct types of prejudgment interest that may be involved in a UIM case: *Cavnar*-type and *Henson*-type. *Menix v. Allstate Indem. Co.*, 83 S.W.3d 877, 879–80 (Tex.App.-Eastland 2002, pet. denied). Menix, the injured plaintiff, sued the underinsured tortfeasor and Allstate, Menix's UIM insurer. *Id.* at 879. After settling with the tortfeasor for policy limits of $20,000, she continued her suit against Allstate to recover UIM benefits. *Id.* Menix's UIM policy limit was also $20,000. *Id.* Prior to trial, the parties stipulated: (1) the tortfeasor was the sole proximate cause of the accident; (2) the tortfeasor had paid Menix $20,000; (3) Allstate had paid Menix $2,500 for personal injury protection (PIP) benefits; and (4) Allstate would be liable for all damages between $22,500 and $42,500. *Id.* After a jury determined Menix's actual damages were $27,800, she requested prejudgment interest and attorney's fees. *Id.* The trial court denied this request, reduced the damage award by the stipulated credits, and rendered judgment for Menix in the amount of $5,300 ($27,800 less $22,500). *Id.* Menix appealed, among other things, the court's failure to award prejudgment interest and attorney's fees. *Id.*

The Eastland Court identified two independent types of prejudgment interest that may be involved in a UIM case: *Cavnar*-type prejudgment interest, which is that amount awarded as damages in a personal injury action, and *Henson*-type prejudgment interest, which is that amount that could be awarded against an insurer for breach of contract when the insurer fails to pay amounts the insured is legally entitled to recover under a UIM provision. *Id.* at 879–80. Noting that Menix's UIM policy limits exceeded the damages found by the jury, the court held that Menix was entitled to the "additional damages of *Cavnar*-type prejudgment interest" on the jury's actual damages award, provided that the judgment could not exceed her UIM policy limits. *Id.* at 880. Thus, the court remanded the case to the trial court to enter a judgment for Menix for:

| | |
|---|---|
| Damages found by the jury | $27,800 |
| Plus: Prejudgment Interest, Computed per *Johnson & Higgins* | PJI |
| Total Damages | 27,800 + PJI |
| Less: Settlement Credit | (20,000) |
| Less: Credit for PIP paid | (2,500) |
| Judgment: Lesser of $20,000 (Menix's UIM limits) or Total Damages less Credits | Trial court determines |

Following *Menix*, we conclude that *Henson* does not bar *Cavnar*-type prejudgment interest in UIM cases. Thus, based on *Collier* and *Menix*, Norris is entitled to judgment for:

| | |
|---|---|
| Damages found by the jury | $51,200 |
| Plus: Prejudgment Interest, Computed per *Johnson & Higgins* | PJI |
| Total Damages | 51,200 + PJI |
| Less: Settlement Credit | (50,000) |
| Less: Credit for PIP paid | (5,000) |
| Judgment: Lesser of Norris's UIM limits or Total Damages less Credits | Trial court determines |

If Norris's total damages exceed the credits allowed to State Farm, he is entitled to a judgment for the difference, not to exceed the UIM limits of his policy. We sustain Norris's first issue.

## ATTORNEY'S FEES

Following our decision in *Allstate Ins. Co. v. Lincoln,* we also find that Norris is entitled to attorney's fees. *Allstate Ins. Co. v. Lincoln,* 976 S.W.2d 873, 876 (Tex.App.-Waco 1998, no pet.). We sustain issue two.

## CONCLUSION

We reverse the judgment and, because the parties do not agree on the amount of prejudgment interest, remand the cause for a determination by the trial court of the amount of the judgment to be entered in Norris's favor, including *Cavnar*-type prejudgment interest, post-judgment interest, and attorney's fees as found by the jury.

Chief Justice GRAY dissenting.

TOM GRAY, Chief Justice, dissenting.

Norris appeals from a take-nothing judgment in a suit against State Farm to collect under the underinsured motorist ("UIM") provision of his insurance policy. Norris's damages did not exceed the credits to which State Farm was entitled. The trial court rendered a take nothing judgment. Norris challenges the trial court's failure to include prejudgment interest prior to application of the credits against the amount of his damages. Dependent on a favorable determination on the first issue, Norris also complains about the failure of the judgment to include the recovery of attorney fees. Because Norris has not shown on appeal that the trial court erred in refusing to award prejudgment interest, we should affirm the judgment.

## BACKGROUND

On December 8, 1997, Norris was injured when Allen Johnston backed his vehicle into the pick-up truck in which Norris was sitting. Norris settled his claim against Johnston. Johnston's policy limit was $50,000. Norris sued State Farm to collect under the UIM provision of his insurance policy. A jury determined: (1) Johnston's negligence proximately caused the accident; (2) Norris suffered $51,200 in damages from the accident; and (3) Norris's reasonable and necessary attorney's fees. Because Johnston's insurance policy limit was $50,000 and because State Farm had previously paid Norris $5,000 under the personal injury protection ("PIP") provision of Norris's policy, the trial court determined that State Farm was entitled to $55,000 credit against Norris's damages. Because the credit exceeded the damages verdict, the court rendered a take-nothing judgment. Norris contends that he was entitled to have prejudgment interest calculated on $51,200 before application of the credits and that he is also entitled to attorney's fees. Specifically, he argues, *Collier* requires that the settlement credit be deducted after inclusion of prejudgment interest. *Allstate Indem. Co. v. Collier*, 983 S.W.2d 342 (Tex.App.-Waco 1998, pet. dism'd by agr.).

## PREJUDGMENT INTEREST

In his first issue, Norris asserts that the court erred by failing to award prejudgment interest. Prejudgment interest is "compensation allowed by law as additional damages for lost use of the money due as damages during the lapse of time between the accrual of the claim and the date of judgment." *Johnson & Higgins, Inc. v. Kenneco Energy*, 962 S.W.2d 507, 528 (Tex.1998); *Cavnar v. Quality Control Parking*, 696 S.W.2d 549, 552 (Tex.1985) (*citing* McCormick, *Damages*, § 50 (1935)). Under the common law, prejudgment in-

terest begins to accrue on the earlier of: (1) 180 days after the date a defendant receives written notice of a claim; or (2) the date suit is filed. *Johnson & Higgins*, 962 S.W.2d at 531. The common-law method for calculating prejudgment interest is now identical to the statutory method. *Id.; Allstate Indem. Co. v. Collier*, 983 S.W.2d 342, 343 (Tex.App.-Waco 1998, pet. dism'd by agr.). Prejudgment interest is computed as simple interest. TEX. FIN.CODE ANN. § 304.104 (Vernon 2003); *Johnson & Higgins*, 962 S.W.2d at 531.

### *Allstate Indem. v. Collier*

Norris cites *Collier* for the proposition that he is entitled to have prejudgment interest included as part of his total damages before deducting any settlement credit. *See Collier*, 983 S.W.2d at 344. In *Collier*, a UIM case, we affirmed a judgment that included prejudgment interest where the jury's determination of damages was less than the tortfeasor's liability insurance. *Id.* at 343–44. Prejudgment interest was added to the damages determined by the jury, then the settlement credit was deducted. *Id.* Norris argues that the trial court was required to perform the calculation by adding prejudgment interest on $51,200 before deducting any credits to arrive at a total amount of damages and only then deduct the credits to calculate the amount of the judgment to determine his net damages for which judgment should have been rendered.

### *Henson v. Southern Farm Bureau*

The Texas Supreme Court addressed the issue of prejudgment interest in the context of UIM coverage in *Henson v. Southern Farm Bureau*, 17 S.W.3d 652 (Tex.2000). Henson, a passenger in a truck driven by Robert Millican, was injured in an automobile collision with a vehicle driven by Consuelo Contreras. *Id.*

at 652. Henson submitted claims for UIM benefits to Texas Farm Bureau, Henson's insurer, and to Southern Farm Bureau, Millican's insurer, and then with the insurers' permission, he settled with Contreras for $20,000, her policy limits. *Id.* at 653. Contreras did not admit liability, and Henson later sued both insurance companies, Millican, and Contreras. *Id.* The claims against the insurers were severed and Henson proceeded to trial against Millican and Contreras. *Id.* The insurers agreed to be bound by the judgment. *Id.* A jury found Contreras 100 percent negligent and determined Henson had incurred damages of $133,842.13. *Id.*

Within thirty days of the judgment, the insurers tendered to Henson $45,000, the full amount of the available UIM benefits under both policies, $25,000 from Texas Farm Bureau and $20,000 from Southern Farm Bureau. *Id.* But Henson refused to accept the tendered funds and demanded prejudgment interest in addition to the UIM benefits. *Id.* The insurers then amended their answer, denying that Henson had met all conditions precedent required by the contract and denying that Henson was entitled to prejudgment interest. *Id.* The insurers tendered the policy benefits to the trial court for deposit in the court's registry. *Id.* The court, in ruling on competing motions for summary judgment, ruled that Henson should recover only the policy limits and the interest that had accrued while in the court's registry, "in full satisfaction of this judgment." *Id.*

The Court held that no contractual obligation to pay under the UIM provisions arose until the jury established the tortfeasor's liability. *Id.* at 654. "The policies provided that the insurers will pay damages that a covered person is legally entitled to recover from an uninsured/underinsured motorist. When the jury found Contreras at fault for the accident and found Henson damaged by her negligence, Henson became legally entitled to recover from her." *Id.* Because the Court held that the insurer did not breach its duty to pay prior to the jury verdict establishing the tortfeasor's liability, Henson was not entitled to prejudgment interest on top of the UIM benefits he received under the insurance policies. *Id.*

### Post-*Henson* Developments

Two courts of appeals have interpreted *Henson* as holding that prejudgment interest on a UIM claim accrues only after a jury has determined that (1) the tortfeasor was liable and (2) the UIM policyholder's damages exceed the tortfeasor's liability insurance. *State Farm Mutual Automobile Insurance Company v. Cunningham,* No. 14–00–00347–CV, 2001 WL 777093, 2001 Tex.App. LEXIS 4616 (Tex.App.-Houston [14th Dist.] July 12, 2001, pet. denied) (not designated for publication); *Truck Insurance Exchange v. Robertson,* 89 S.W.3d 261 (Tex.App.-Fort Worth 2002, no pet.).

Cunningham sued tortfeasor Stephanie Thiem, Thiem's husband, and Cunningham's UIM insurer, State Farm. *Cunningham,* 2001 WL 777093 at *1, 2001 Tex.App. LEXIS 4616 at *1. After settling with the Thiems for $25,000, Cunningham continued her suit against State Farm to recover UIM benefits under her policy. *Id.* A jury determined Cunningham's damages were $33,000 and the trial court entered judgment for $15,180, which represented $33,000 damages, plus prejudgment interest on $33,000 until the date of settlement and on $8,000 for the period between settlement and the date of judgment, less $25,000 settlement credit. *Id.* at *1, 2001 Tex.App. LEXIS 4616 at *1–2. On the day of judgment, State Farm tendered to Cunningham $8,000, the difference between the damage award and the settlement with Thiem. *Id.* at *1, 2001 Tex.App. LEXIS

4616 at *2. Cunningham refused the tender, and State Farm appealed. *Id.*

The court of appeals held that the trial court abused its discretion in awarding prejudgment interest. *Id.* at *4, 2001 Tex. App. LEXIS 4616 at *9–10. The court of appeals noted, "As in *Henson*, Cunningham sought to recover prejudgment interest, based not on the tortfeasor's obligation, but on State Farm's obligation. The relationship between Cunningham and State Farm is that of contracting parties and their respective duties are established by contract." *Id.* at *3, 2001 Tex.App. LEXIS 4616 at *8. The court of appeals further noted that under *Henson*, an insurer owes prejudgment interest on top of policy benefits only if it withheld those benefits in breach of the contract. *Id.* Thus, the court of appeals reasoned, Cunningham was not entitled to recover from State Farm until the jury determined damages in excess of Thiem's policy limits. *Id.* at *4, 2001 Tex.App. LEXIS 4616 at *9. Because State Farm promptly tendered the UIM policy benefits, less the settlement credit, upon entry of judgment, the court of appeals held that Cunningham was not entitled to prejudgment interest under *Henson*. *Id.*

We pause here to note a critical distinction between Cunningham's claim for interest and Norris's claim for interest. Cunningham claimed interest based on an alleged breach of the contractual relationship she had with State Farm. She was not seeking to recover interest on the damages that Thiem would have owed as additional damages. Cunningham claimed interest under an erroneous theory of recovery, and the court addressed recovery only under that theory.[1]

The second case that has dealt with the recovery of prejudgment interest after *Henson* is *Robertson*. *Truck Insurance Exchange v. Robertson*, 89 S.W.3d 261 (Tex.App.-Fort Worth 2002, no pet.). *Robertson* was a second appeal after remand. *Id.* at 262. Robertson sued to recover UIM benefits from his insurer, Truck Insurance Exchange ("Truck"), relating to an accident that occurred in 1990 or 1991. *Id.* A jury determined Robertson's damages on June 29, 1998. *Id.* The trial court's judgment, signed May 5, 1999, awarded Robertson prejudgment interest from the date Robertson gave Truck notice of his claim, approximately seven and one-half years earlier. *Id.* In the first appeal, the Fort Worth Court of Appeals cited *Henson* and held that Robertson was not "legally entitled to recover" UIM benefits until a jury determined fault and the extent of his damages. *Id.* at 263. Therefore, the Fort Worth court sustained Truck's issue and denied Robertson prejudgment interest for the time period preceding the determination of liability and damages. *Id.*

On remand, on August 7, 2001, the trial court amended its judgment, awarding Robertson "prejudgment interest" from the date of the jury's verdict, June 29, 1998, until August 6, 2001. *Id.* In the second appeal, the Fort Worth court upheld the amended judgment and award of prejudgment interest. *Id.* at 263–64. Noting that its first opinion relied heavily on *Henson*, the court of appeals reiterated its interpretation of *Henson:* "that prejudgment interest on a contractual UIM claim begins running on 'the date liability of the uninsured/underinsured motorist is established' and . . . that date is the date

---

1. Pursuit of interest under the wrong theory of recovery is the same problem faced by the Brainards in their appeal of the denial of prejudgment interest. *See Trinity Universal Insurance Co. v. Brainard*, 153 S.W.3d 508 (Tex.App.-Amarillo 2004, no pet. h.).

of the jury's verdict for the insured." *Id.* at 264.

## PREJUDGMENT INTEREST AFTER *HENSON?*

However, *Henson* does not bar all prejudgment interest, even when the injured party settles with the tortfeasor or his insurance company for some of his damages. The Court in *Henson* noted, "And the insurers do not dispute that had the trial court awarded prejudgment interest against the tort defendants, the insurers would be obligated to pay the entire judgment including that portion awarded for prejudgment interest, to the extent of policy limits." *Henson,* 17 S.W.3d at 653 (citing Tex.Rev.Civ. Stat. art. 5069–1.05 §§ 2 and 6 and *Johnson & Higgins,* 962 S.W.2d at 529–30.).

As the Eastland Court of Appeals has noted, there are two types of prejudgment interest that may be involved in a UIM case: *Cavnar*-type and *Henson*-type. *Menix v. Allstate Indem. Co.,* 83 S.W.3d 877 (Tex.App.-Eastland 2002, pet. denied). Menix, the injured plaintiff, sued the underinsured tortfeasor and Allstate, Menix's UIM insurer. *Id.* at 879. After settling with the tortfeasor for policy limits of $20,000, she continued her suit against Allstate to recover UIM benefits. *Id.* Menix's UIM policy limit was also $20,000. *Id.* Prior to trial, the parties stipulated to the following: (1) the tortfeasor was the sole proximate cause of the accident; (2) the tortfeasor had paid Menix $20,000; (3) Allstate had paid Menix $2,500 for personal injury protection (PIP) benefits; and (4) Allstate would be liable for all damages between $22,500 and $42,500. *Id.* After a jury determined Menix's actual damages as $27,800, she requested prejudgment interest and attorney's fees. *Id.* The trial court denied this request, reduced the damage award by the stipulated credits,

and rendered judgment for Menix in the amount of $5,300. *Id.* Menix appealed, among other things, the court's failure to award prejudgment interest and attorney's fees. *Id.*

The Eastland court identified two, independent types of prejudgment interest that may be involved in a UIM case: *Cavnar*-type prejudgment interest, which is that amount awarded as damages in a personal injury action, and *Henson*-type prejudgment interest, which is that amount that could be awarded against an insurer for breach of contract when the insurer fails to pay amounts the insured is legally entitled to recover under a UIM provision. *Id.* at 879–80. Noting that Menix's UIM policy limits exceeded the damages found by the jury, the court of appeals held that Menix was entitled to the "additional damages of *Cavnar*-type prejudgment interest" on the jury's actual damages award, to the extent of her UIM policy limits. *Id.* at 880.

What distinguishes Menix's claim from *Henson* is that Henson could not have been entitled to recover additional damages of *Cavnar*-type prejudgment interest because the jury's determination of damages, without regard to interest, exceeded the policy limits of Henson's UIM coverage. *Henson,* 17 S.W.3d at 653. Henson's uncompensated damages were $113,842.13 ($133,842.13 less $20,000) and his UIM policy limits were only $45,000. *Id.* By timely paying $45,000, Henson's UIM insurance company had paid (tendered) all that it could owe for the UIM coverage. In this regard Norris's claim is not like Henson's; that is, the credits due State Farm exceeded the amount of damages. Thus, Norris's situation is more like that of Menix's.

Furthermore, a rule which does not allow *Cavnar*-type prejudgment interest when the injured party has settled with the tortfeasor would contradict the public-

policy reasons for allowing prejudgment interest in personal injury suits. Those public-policy reasons are: (1) to fully compensate the injured party, and (2) to remove incentives to delay settlement of just claims. *Johnson & Higgins, Inc. v. Kenneco Energy*, 962 S.W.2d 507, 528 (Tex. 1998); *Cavnar*, 696 S.W.2d at 554. If a settlement with the tortfeasor were to bar all prejudgment interest, the UIM insurance company would have an incentive to refuse to settle, even after the tortfeasor settled for policy limits. Litigation could ensue to delay the determination of liability of the tortfeasor and the amount of damages. This delay would be to the UIM insurer's benefit if *Cavnar*-type prejudgment interest was not recoverable from the UIM insurer and *Henson*-type prejudgment interest would not begin to accrue until liability and damages were determined. Fundamentally, it must be recognized that *Cavnar*-type prejudgment interest is an element of damages to which the injured party may be "legally entitled to recover" under the Insurance Code.[2] *Collier*, 983 S.W.2d at 344. Accordingly, *Henson* should not be interpreted to discourage settlement and cause unnecessary expense to all parties, including the tortfeasor and the tortfeasor's insurance company, who may be willing to tender settlement promptly. A rule that would allow an injured party to settle with the tortfeasor and preserve his prejudgment interest claim as to his uncompensated damages would further the public policy of promoting settlement of claims while fully compensating injured plaintiffs.

Therefore, in a UIM claim against the injured party's UIM insurance company, *Henson* does not bar all prejudgment interest on the injured party's damages for bodily injury or property damages.

### *Collier* Revisited

When we issued *Collier* there were at least two concepts, both well established in the law at that time, that were not before us, that have been raised in this case to the claim for prejudgment interest. Those two concepts are: 1) the equitable nature of prejudgment interest, particularly in its common law applications, and 2) the prohibition of a double recovery. *See e.g., Cavnar v. Quality Control Parking*, 696 S.W.2d 549 (Tex.1985) (prejudgment interest); *Bradshaw v. Baylor University et. al.*, 126 Tex. 99, 84 S.W.2d 703 (1935), overruled in part, *Duncan v. Cessna Aircraft*, 665 S.W.2d 414, 432 (Tex.1984) (one satisfaction rule, *i.e.* double recovery). *See also Stewart Title Guar. Co. v. Sterling*, 822 S.W.2d 1, 5–7 (Tex.1991)(discussion of continued viability of one satisfaction rule). There are at least two sub-issues under the concept of prohibiting a double recovery, as applied in this unusual area of the law, which are not readily apparent to a causal observer. These two sub-issues are a) the timing of the payment by the tortfeasor's insurance company, and b) what the payment by the tortfeasor's insurance company is for. And the sub-issue of what the payment is for requires detailed information. The information about the payment that is needed includes: i) whether it is a general payment or a payment for specific damages, ii) what specific liabilities the payment by the tortfeasor's insurance company resolved, iii) the amount of the

---

2. UIM coverage is mandated by the Texas Insurance Code, which states: "The underinsured motorist coverage shall provide for payment to the insured of all sums which he shall be legally entitled to recover as damages from owners or operators of underinsured motor vehicles because of bodily injury or property damages in an amount up to the limit specified in the policy, reduced by the amount recovered or recoverable from the insurer of the underinsured motor vehicle." TEX. INS. CODE ANN. art. 5.06–1(5) (Vernon Supp.2004).

specific elements of damages that the payment by the tortfeasor's insurance company resolved, iv) the amount of the policy under which the payments were made, and v) is the issue of the tortfeasor's liability clearly established.

But all this information is not naturally part of a suit against the tortfeasor. Indeed, normally when a payment by a tortfeasor's insurance company is made, that is the end of the litigation, not the beginning. In the unusual world of UIM, however, a settlement is frequently where the litigation to determine the liability of the injured party's UIM insurance carrier begins. So when, as in this case, the injured party is suing the tortfeasor to determine liability and damages, even after a settlement with the tortfeasor's insurance company, there is information that must be included in the record that is not normally part of a suit against the tortfeasor. This information is necessary to allow the trial court to determine if the injured party will be allowed to recover prejudgment interest from the injured party's insurance company under a UIM clause. The information is essential to calculate prejudgment interest, and to prevent a double recovery by including prejudgment interest for damages for which compensation has already been received.

But we need not resolve the issues in this proceeding, that were not before us in *Collier,* about how to make the specific computation. Indeed, we cannot resolve these issues because the record before us does not contain the information necessary to deal with the subtleties of the computation of prejudgment interest. What we know from the record before us is that the total settlement credits, the absolute dollar amount of the payments, exceed the personal injury damages of Norris. What we do not know from the record is when the payments were made, or what damages

these payments resolved. It is undisputed that there had been a payment by the tortfeasor's insurance carrier to Norris, that the tortfeasor's policy limit was $50,000, and that State Farm had paid Norris $5,000 in PIP benefits. We also know that Norris's damages were $51,200.

To prevent a double recovery, interest cannot be computed on damages for an injury if the injured party has already been compensated for those damages. The record clearly shows that Norris has been paid more than the damages for his injuries. Interest cannot accrue on these damages after payment. Because we, but more importantly the trial court, cannot determine from the record when Norris was paid these amounts, Norris has not shown himself entitled to prejudgment interest. This is why it is critical in this type proceeding for the injured party to include in the record sufficient information about when the payment is made to allow the trial court to determine if the injured party should be awarded *Cavnar*-type prejudgment interest. Likewise, because the UIM clause only pays the insured for bodily injury and property damage, the injured party must be able to show what injuries the payment resolved.

We cannot decide today whether prejudgment interest which accrues prior to the settlement with the tortfeasor is necessarily included in the computation before the settlement credit is applied or if the settlement with the tortfeasor's company necessarily resolves all prejudgment interest through the date of the settlement. That is not before us in this appeal. Further, to avoid confusion, I note that the method that the Eastland court used to calculate prejudgment interest, specifically the court's inclusion of prejudgment interest on the entire amount of damages, as ultimately determined, before the deduction of the settlement credit, is consistent

with the method used by this Court in *Collier. See Menix,* 83 S.W.3d at 880. But it does not appear that the issue about double recovery was present in either case. Allowing prejudgment interest on the amount an injured party has already received contradicts the purpose of prejudgment interest, to compensate an injured party for the lost use of money. *Johnson & Higgins,* 962 S.W.2d at 528. The method used would allow a double recovery for interest calculated on credits the UIM insurance carrier is entitled to based on the injured party's settlement with the tortfeasor's insurance company. Thus, if the issue of a double recovery is properly raised, the interest computation must be adjusted to reflect the receipt of payment, thereby reducing the accrual of interest.

What is clear, however, is that if the insured's damages, without regard to prejudgment interest, exceed the credits, *Cavnar*-type prejudgment interest must be computed on the plaintiff's uncompensated damages. The UIM insurer would be obligated to pay the uncompensated damages, including prejudgment interest thereon, up to the contractual limits of the UIM policy.

### PIP Credit

But one question remains, when and how to apply the credit for PIP payments, to which the parties agree State Farm is entitled. The Texas Supreme Court has held that the nonduplication-of-PIP-benefits provision in an automobile insurance policy is valid and enforceable. *Mid–Century Ins. Co. v. Kidd,* 997 S.W.2d 265, 267 (Tex.1999). The provision addressed in that case, which appears in all standard Texas motor vehicle policies, was:

In order to avoid insurance benefits payments in excess of actual damages sustained, subject only to the limits set out in the Declarations and other applicable provisions of this coverage, we will pay all covered damages not paid or payable under any workers' compensation law, disability benefits law, any similar law, auto medical expense coverage or Personal Injury Protection Coverage.

*Id.* The Court held that this provision merely prevents an insured from aggregating the PIP and UIM provisions to recover in excess of his actual damages. *Id.* at 272. Stated another way, an insured cannot recover the same loss under both the UIM and PIP provisions of a standard automobile policy. *Id.* at 267. The Court also noted that the UIM policy limits are applied after deducting the PIP credit. *Id.* at 271. Because PIP payments were made by State Farm for the same type damages found by the jury, the credit for PIP payments, like the settlement payments made by the tortfeasor's insurance company, must be credited in the prejudgment interest computation against the insured's damages at the time that the payment is made. In this case, the record does not show when the PIP payment was made.

### SUMMARY

Because the record does not show when either the PIP payment was made, or when the tortfeasor's insurance company made the payments to Norris, nor does it show that the payments were made for anything other than bodily injury or property damage, the only type damages recoverable under a UIM clause, the only computation the trial court could make was to compare the total credits to Norris's damages. Because the total credits exceeded the amount of the damages, the trial court properly rendered a take-nothing judgment.[3] Sending this case back to the trial court to calculate the interest is improper.

---

3. *Henson*-type prejudgment interest is not at issue in this appeal.

We have the same record the trial court has. If we cannot calculate the proper amount of the judgment from the information in the record, the trial court will not be able to do so either. Norris has thus failed to show himself entitled to relief.

I would overrule Norris's first issue.

## ATTORNEY'S FEES

Having found that Norris is not entitled to prejudgment interest, he is not the prevailing party. Therefore, he is not entitled to attorney's fees. *Green Int'l v. Solis,* 951 S.W.2d 384, 390 (Tex.1997). I would overrule his second issue.

## CONCLUSION

Having overruled both of Norris's issues, I would affirm the trial court's judgment. Because the majority does not, I respectfully dissent.