Jimmie R. Norris v. STate Farm
















IN THE
TENTH COURT OF APPEALS
 

No. 10-01-00370-CV

     JIMMIE R. NORRIS,
                                                                         Appellant
     v.

     STATE FARM MUTUAL 
     AUTOMOBILE INSURANCE COMPANY,
                                                                         Appellee
 

From the 87th District Court
Limestone County, Texas
Trial Court # 25,536-B
                                                                                                                
                                                                                                         
MEMORANDUM OPINION
                                                                                                                

      Jimmie R. Norris (“Norris”) appeals from a take-nothing judgment in a suit against State
Farm Mutual Automobile Insurance Company (“State Farm”) to collect under the underinsured
motorist (“UIM”) provision of his insurance policy. Norris challenges the trial court’s failure
to award prejudgment interest and attorney’s fees. Following our decision in Allstate
Indemnity Co. v. Collier and that of the Eastland Court in Menix v. Allstate Indemnity Co., we
find that Norris is entitled to both. Therefore, we will reverse the judgment.
      On December 8, 1997, Norris was injured in a car accident. After settling his claim
against Allen Johnston, the other driver, for $40,000, Norris sued State Farm to collect under
the UIM provision of his insurance policy. A jury determined that: (1) Johnston’s negligence
proximately caused the accident; (2) Norris suffered $51,200 in damages from the accident;
and (3) Norris’s reasonable and necessary attorney’s fees were $11,500 for trial preparation,
$5,000 for appeal to the court of appeals, and $7,000 for appeal to the Supreme Court. 
Because Johnston’s insurance policy limit was $50,000 and because State Farm had previously
paid Norris $5,000 under the personal injury protection (“PIP”) provision of Norris’s policy,
the court determined that State Farm was entitled to $55,000 in settlement credits. Finding
that the credits exceeded the damages verdict, the court rendered a take-nothing judgment in
favor of State Farm. Norris contends that he was entitled to prejudgment interest on $51,200,
as well as attorney’s fees.
Allstate Indemnity Co. v. Collier
      Norris’s first issue asserts that the court erred by failing to award prejudgment interest,
citing Allstate Indemnity Co. v. Collier for the proposition that he is entitled to have
prejudgment interest added to his damages before deducting any settlement credits. Allstate
Indem. Co. v. Collier, 983 S.W.2d 342, 344 (Tex. App.—Waco 1999, pet. dism. agr.). We
agree. In Collier, we affirmed a judgment that included prejudgment interest where the jury’s
determination of damages was less than the tortfeasor’s liability insurance. Id. at 343–44. 
Prejudgment interest was added to the jury’s damages, then the settlement credit was deducted. 
Id. Thus, the judgment in Collier reflected:


Damages found by jury

$93,702.50



Plus: Prejudgment Interest, Computed per Johnson & Higgins

26,286.08



Total Damages

119,988.58



Less: Settlement Credit

(100,000.00)



Less: Credit for PIP benefits paid

N/A



Judgment: Lesser of $20,000 (Collier’s UIM limits) or Total
Damages less Credits

$19,988.58




Post-Collier Cases
      In 2000, the Texas Supreme Court addressed the issue of prejudgment interest in the
context of UIM coverage in Henson v. Southern Farm Bureau, 17 S.W.3d 652 (Tex. 2000). 
The Supreme Court held that no contractual obligation to pay under the UIM provisions arose
until the jury established the tortfeasor’s liability, i.e., that an insurer cannot breach its duty to
pay prior to a jury verdict establishing the tortfeasor’s liability. Id. at 654. However, we do
not believe that Henson bars all prejudgment interest, because the Court also said, “And the
insurers do not dispute that had the trial court awarded prejudgment interest against the tort
defendants, the insurers would be obligated to pay the entire judgment including that portion
awarded for prejudgment interest, to the extent of policy limits.” Id. at 653.
      As the Eastland Court of Appeals aptly noted, there are two distinct types of prejudgment
interest that may be involved in a UIM case: Cavnar-type and Henson-type. Menix v. Allstate
Indem. Co., 83 S.W.3d 877, 879–80 (Tex. App.—Eastland 2002, pet. denied). Menix, the
injured plaintiff, sued the underinsured tortfeasor and Allstate, Menix’s UIM insurer. Id. at
879. After settling with the tortfeasor for policy limits of $20,000, she continued her suit
against Allstate to recover UIM benefits. Id. Menix’s UIM policy limit was also $20,000. 
Id. Prior to trial, the parties stipulated: (1) the tortfeasor was the sole proximate cause of the
accident; (2) the tortfeasor had paid Menix $20,000; (3) Allstate had paid Menix $2,500 for
personal injury protection (PIP) benefits; and (4) Allstate would be liable for all damages
between $22,500 and $42,500. Id. After a jury determined Menix’s actual damages were
$27,800, she requested prejudgment interest and attorney’s fees. Id. The trial court denied
this request, reduced the damage award by the stipulated credits, and rendered judgment for
Menix in the amount of $5,300 ($27,800 less $22,500). Id. Menix appealed, among other
things, the court’s failure to award prejudgment interest and attorney’s fees. Id.
      The Eastland Court identified two independent types of prejudgment interest that may be
involved in a UIM case: Cavnar-type prejudgment interest, which is that amount awarded as
damages in a personal injury action, and Henson-type prejudgment interest, which is that
amount that could be awarded against an insurer for breach of contract when the insurer fails
to pay amounts the insured is legally entitled to recover under a UIM provision. Id. at 879-80. 
Noting that Menix’s UIM policy limits exceeded the damages found by the jury, the court held
that Menix was entitled to the “additional damages of Cavnar-type prejudgment interest” on
the jury’s actual damages award, provided that the judgment could not exceed her UIM policy
limits. Id. at 880. Thus, the court remanded the case to the trial court to enter a judgment for 
 
 
Menix for:


Damages found by the jury

$27,800



Plus: Prejudgment Interest, Computed per Johnson & Higgins

PJI



Total Damages

27,800 + PJI



Less: Settlement Credit

(20,000)



Less: Credit for PIP paid

(2,500)



Judgment: Lesser of $20,000 (Menix’s UIM limits) or Total
Damages less Credits


Trial court determines




      Following Menix, we conclude that Henson does not bar Cavnar-type prejudgment interest
in UIM cases. Thus, based on Collier and Menix, Norris is entitled to judgment for:


Damages found by the jury

$51,200



Plus: Prejudgment Interest, Computed per Johnson & Higgins

PJI



Total Damages

51,200 + PJI



Less: Settlement Credit

(50,000)



Less: Credit for PIP paid

(5,000)



Judgment: Lesser of Norris’s UIM limits or Total Damages less
Credits

Trial court determines




      If Norris’s total damages exceed the credits allowed to State Farm, he is entitled to a
judgment for the difference, not to exceed the UIM limits of his policy. We sustain Norris’s
first issue.
 

ATTORNEY’S FEES
      Following our decision in Allstate Ins. Co. v. Lincoln, we also find that Norris is entitled
to attorney’s fees. Allstate Ins. Co. v. Lincoln, 976 S.W.2d 873, 876 (Tex. App.—Waco
1998, no pet.). We sustain issue two.
CONCLUSION
      We reverse the judgment and, because the parties do not agree on the amount of
prejudgment interest, remand the cause for a determination by the trial court of the amount of
the judgment to be entered in Norris’s favor, including Cavnar-type prejudgment interest, post-judgment interest, and attorney’s fees as found by the jury.



                                                                   BILL VANCE
                                                                   Justice

Before Chief Justice Gray,
      Justice Vance, and 
      Justice Reyna



      (Chief Justice Gray dissenting)
Judgment reversed and remanded
Opinion delivered and filed April 14, 2004

[CV06]