# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-05-00409-CV

**S. Merlin McAnelly, Appellant**

**v.**

**Brady Medical Clinic, P.A.; Lonnie Lee Vickers; James H. Allen, Jr.; and Pedro Castro, Appellees**

---

**FROM THE DISTRICT COURT OF MCCULLOCH COUNTY, 198TH JUDICIAL DISTRICT NO. 2002134, HONORABLE EMIL KARL PROHL, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

S. Merlin McAnelly appeals from a district court judgment awarding him attorneys' fees and appellate costs arising out of his business dispute with appellees Brady Medical Clinic, P.A., Lonnie Lee Vickers, James H. Allen, Jr., and Pedro Castro (collectively, "the Clinic"). We reverse the trial court's judgment and remand the cause for a new trial on attorneys' fees.

## FACTUAL AND PROCEDURAL BACKGROUND

This is McAnelly's second appeal to this Court arising out of his business dispute with the Clinic. McAnelly practiced medicine in Brady, Texas for more than 35 years.[1] McAnelly sued to enforce an oral agreement in which the Clinic allegedly agreed to pay him $25,000 in

---

[1] The underlying facts are set forth in greater detail in this Court's opinion in *McAnelly v. Brady Med. Clinic, P.A*, No. 03-04-00095-CV, 2004 Tex. App. LEXIS 10028 (Tex. App.—Austin Nov. 12, 2004, no pet.) (mem. op.).

exchange for some medical supplies and his promise not to compete with the Clinic's practice for two years. Alternatively, McAnelly sought damages on the grounds of promissory estoppel and quantum meruit. The case was tried to a jury, which found in favor of McAnelly in all respects and awarded him attorneys' fees of $32,000 for trial and additional fees on appeal. The jury was not asked to segregate the attorneys' fees among the causes of action. At trial, counsel for McAnelly took the position that the issues raised were "inextricably interwined" and testified that it was impossible to segregate the fees. The Clinic moved for judgment notwithstanding the verdict, which the district court granted. The court rendered judgment denying all relief to McAnelly, including attorneys' fees.

In the first appeal, this Court affirmed the district court's judgment with regard to the breach of contract and promissory estoppel claims, but reversed the judgment with regard to the quantum meruit claim; as to that claim, we rendered judgment on the verdict in favor of McAnelly in the amount of $2,400. In addressing the attorneys' fees issue, this Court noted that, at trial, McAnelly sought to avail himself of the exception to the duty to segregate attorneys' fees that arises when claims are "inextricably interwined" such that their prosecution entails proof of essentially the same facts. *See Tony Gullo Motors, I, L.P. v. Chapa*, 212 S.W.3d 299, 311 (Tex. 2006); *Stewart Title Guar. Co. v. Sterling*, 822 S.W.2d 1, 11 (Tex. 1991). This Court rejected McAnelly's assertions and held that the attorneys' fees in this case were "capable of segregation and that Dr. McAnelly is only entitled to those fees attributable to the prosecution of his quantum meruit claim." *McAnelly v. Brady Med. Clinic, P.A*, No. 03-04-00095-CV, 2004 Tex. App. LEXIS 10028, at *14 (Tex. App.—Austin Nov. 12, 2004, no pet.) (mem. op.) (citing *Sterling*, 822 S.W.2d at

2

11-12). Observing that "the determination of reasonable attorneys' fees is a question for the trier of fact," we remanded the cause to the district court "for further consideration." *Id.*

On remand, rather than conduct a new trial to receive evidence regarding McAnelly's reasonable attorneys' fees related to the quantum meruit claim, the district court sent a letter to the parties proposing to sign a judgment awarding McAnelly $2,400 on his quantum meruit claim and $720 as attorneys' fees attributable to that claim, and requiring the Clinic to reimburse McAnelly for half of the costs he incurred in the first appeal. The letter invited the parties to let the court know if "you need a hearing or if this, reduced [sic] order form, will suffice." Eight days later, the Clinic filed a letter indicating its agreement with the district court's proposal and attaching an order memorializing that proposal. McAnelly expressed no opinion regarding either the court's letter or the proposed order. The district court signed the order as a final judgment. McAnelly then filed a motion to set aside the order and for a new trial on the issue of attorneys' fees. McAnelly asserted that he was entitled to present evidence to the trier of fact on the issue of attorneys' fees and to attempt to segregate those fees in accordance with this Court's opinion and mandate. The district court held a hearing on McAnelly's motion and, after hearing arguments from McAnelly and the Clinic, denied the motion. McAnelly filed a notice of appeal.[2] By one issue, McAnelly contends that the district court erred in failing to conduct a new trial on the attorneys' fees issue.

---

[2] After McAnelly filed his notice of appeal, the district court signed an order granting a new trial on the issue of attorneys' fees. However, McAnelly points out—and the Clinic agrees—that the order was signed after the district court lost plenary power over the cause and therefore was a nullity. *See* Tex. R. Civ. P. 329b. This is the subject of McAnelly's second issue on appeal. Because the record is clear and the parties agree, this issue raises no controversy and is therefore moot.

**DISCUSSION**

At trial, McAnelly made no attempt to segregate his attorneys' fees and presented no testimony regarding which fees were attributable to each of his three causes of action. Rather, McAnelly's attorney testified that the claims were "inextricably interwined" and that it was "impossible to segregate" fees incurred in pursuing each of McAnelly's causes of action. *See Sterling*, 822 S.W.2d at 11 (permitting recovery of entire amount of fees covering all claims when claims arise out of same transaction and are so interrelated that prosecution or defense entails proof or denial of essentially same facts). This Court rejected McAnelly's argument, held that the fees were capable of segregation, and concluded that McAnelly was entitled only to those fees attributable to the successful prosecution of his quantum meruit claim. *McAnelly*, 2004 Tex. App. LEXIS 10028, at *14. Mindful of Texas Supreme Court precedent establishing that evidence of total unsegregated attorneys' fees is some evidence of segregated attorneys' fees, and recognizing that the determination of reasonable attorneys' fees is a question for the trier of fact, this Court remanded the cause to the district court for "further consideration." *See id.* As an initial matter, we draw no distinction between remanding a cause for "further consideration" and remanding a cause for "further proceedings." In both instances, the court of appeals is prevented from rendering the judgment the trial court should have rendered, making a remand necessary. Tex. R. App. P. 43.2, 43.3. On remand, the district court is required to look to both the mandate and the opinion of the court of appeals to determine what further proceedings are required. *Hudson v. Wakefield*, 711 S.W.2d 628, 630 (Tex. 1986) (courts should look to both opinion of court and mandate to interpret mandate); *Truck Ins. Exch. v. Robertson*, 89 S.W.3d 261, 263 (Tex. App.—Fort Worth 2002, no pet.). In the

4

present case, our opinion stated that "the determination of reasonable attorneys' fees is a question for the trier of fact." *McAnelly*, 2004 Tex. App. LEXIS 10028, at *14. The mandate stated that the portion of the judgment "that pertains to attorney's fees is reversed and remanded for further consideration consistent with this opinion." We conclude that the opinion and mandate, read together, required the district court to conduct a new trial on the issue of reasonable attorneys' fees attributable to the quantum meruit claim.

Instead of setting the cause for a new trial, however, the district court, without hearing evidence, signed an order awarding McAnelly $720 as attorneys' fees attributable to the quantum meruit claim. This was error. Rather than providing McAnelly the opportunity to attempt to segregate his fees and present evidence of reasonable attorneys' fees for the quantum meruit claim to the trier of fact, the district court rendered judgment awarding McAnelly attorneys' fees of approximately one-third the amount of his recovery for that claim. While there is a good deal of common sense in the district court's action, we conclude that it was contrary to the supreme court's holdings in *Sterling* and *Chapa*. *See Chapa*, 212 S.W.3d at 314; *Sterling*, 822 S.W.2d at 11 (citing *International Sec. Life Ins. Co. v. Finck*, 492 S.W.2d 544, 546-47 (Tex. 1973) (award of attorneys' fees based upon evidence of unsegregated fees requires remand)).

The Clinic advances several arguments in an attempt to distinguish this case from *Sterling* and validate the district court's decision not to conduct a new trial on attorneys' fees. First, the Clinic asserts that, because there was no evidence of the amount of fees attributable to the quantum meruit claim, there is "no evidence of a fact issue" and the court's remand for "further consideration" does not require a new trial. As stated above, however, the supreme court has held

5

that the evidence of unsegregated fees introduced at trial is some evidence of segregated fees. *See Chapa*, 212 S.W.3d at 314; *Sterling*, 822 S.W.2d at 11. In our earlier opinion, this Court held that McAnelly was entitled to *some* attorneys' fees, and that the amount of those fees was a question for the trier of fact. Consequently, a new trial on the issue of reasonable attorneys' fees for the quantum meruit claim was required.

The Clinic next argues that McAnelly's counsel "judicially admitted he spent no time on the quantum meruit claim." According to the Clinic, the judicial admission was counsel's testimony that he viewed all his efforts in this case as "an attempt to collect the $25,000 owed to Dr. McAnelly." The Clinic contends that in so testifying, McAnelly's counsel admitted that none of his work was related to the quantum meruit claim. However, it was McAnelly's position that the Clinic agreed to pay him $25,000 in exchange for *both* the covenant not to compete *and* the medical supplies that are the basis of the quantum meruit claim. Therefore, efforts to collect the $25,000 involved pursuing both the breach of contract and quantum meruit claims. Regardless of whether McAnelly's testimony qualifies as a judicial admission, we hold it was not an assertion that counsel spent no time pursuing efforts that advanced the quantum meruit claim.

The Clinic further asserts that both in post-remand discovery and at the hearing on the motion for new trial, McAnelly failed to produce evidence or present arguments tending to show how he would be able to segregate attorneys' fees that his counsel had previously stated were incapable of segregation. However, McAnelly's right to present evidence of fees attributable to the quantum meruit claim was not conditioned on whether his attorney was willing or able, at the hearing on the motion for new trial, to explain how he intended to segregate his fees, nor was he

6

required at that stage to marshal the evidence he intended to present at a new trial. Rather, McAnelly is entitled to a forum to present his evidence and arguments. The Clinic will, of course, be free to challenge the credibility and sufficiency of that evidence. The Clinic's stated belief that McAnelly will fail to convincingly segregate his fees before the trier of fact does not deprive McAnelly of his legal right to attempt to do so. *See Chapa*, 212 S.W.3d at 314; *Sterling*, 822 S.W.2d at 11.

Finally, the Clinic contends that McAnelly waived his right to a new trial by failing to ask for a hearing before the district court signed its order. We disagree. McAnelly's right to a new trial on attorneys' fees emanates from this Court's mandate read in light of its opinion—that is, that attorneys' fees in this case are capable of segregation and that the determination of reasonable attorneys' fees is a question for the trier of fact.

Having sustained McAnelly's first issue, we overrule the Clinic's cross-point seeking sanctions for a frivolous appeal under rule 45 of the Texas Rules of Appellate Procedure. We also deny the Clinic's request for sanctions for abuse of discovery under rule 215.3 of the Texas Rules of Civil Procedure, as authority to impose such sanctions is vested only in the justice, county, and district courts. *See* Tex. R. Civ. P. 2 (rules shall govern procedure in justice, county, and district courts of State of Texas in all actions of civil nature).

## CONCLUSION

Having concluded that the district court erred by failing to conduct a new trial on attorneys' fees in this case, we reverse the court's judgment and remand the cause to that court for a new trial on attorneys' fees attributable to the quantum meruit claim.

7

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Pemberton and Waldrop

Reversed and Remanded

Filed:   April 30, 2009

8